# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**JAMES ALDRIDGE, RELATOR,**
on behalf of **UNITED STATES OF AMERICA**                                    **PLAINTIFF**

V.                                                            CIVIL ACTION NO. 1:16-CV-369 HTW-LRA

**H. TED CAIN, JULIE CAIN,
CORPORATE MANAGEMENT, INC.,
STONE COUNTY HOSPITAL, INC.,
STONE COUNTY NURSING AND
REHABILITATION CENTER, INC.
QUEST MEDICA SERVICES, INC.
QUEST REHAB, INC;
TERRI BEARD, THOMAS KULUZ,
and STARANN LAMIER, AND
JOHN DOES I-XX**                                                                **DEFENDANTS**

## ORDER[1]

Before this court are two motions: 1) Defendants' Motion to Unseal the Case **[doc. no. 163];** and 2) Motion by the Intervenor, United States, to strike the Answer to the Amended Complaint or for Partial Summary Judgment on Defendants' Affirmative Defenses **[Doc. no. 171].**

A third motion, Defendants' Motion to Dismiss the United States' Amended Complaint in Intervention [doc. no. 161] remains pending before this court; the court, however, is persuaded to reserve ruling on that motion until after its ruling on whether to

---

[1] This Order was discussed with the parties on November 30, 2017. The court stated it would file a written order later to reflect its rulings. This is that Order, now filed after certain events mentioned herein have occurred.

1

unseal the record in this case. Should the court record be unsealed, Defendants will be allowed an opportunity to review the record and to supplement their motion to dismiss accordingly, should they so choose.

BACKGROUND

This is an action brought by the Relator, James Aldridge, under the False Claims Act[2] (FCA), 31 U.S.C. §3729(a)(1) and (2). The Defendant Corporate Management Inc. (CMI), owned, managed, and operated hospitals and other health care facilities in South Mississippi, including the other named corporate Defendants (Stone County Hospital, Stone County Nursing & Rehab, Quest Medical Services Inc., and Quest Rehab, Inc.). The Defendant H. Ted Cain is the incorporator, president, treasurer, secretary and director of all of these health care providers. The individual Defendants (Julie Cain, Starr Ann Lamier and Terri Beard) are officers of Stone County Hospital.

The Relator alleges that Defendants violated the Medicare Anti -Kickback Statutes[3] which prohibit 1) solicitation or receipt of remuneration in return for referrals of Medicare patients and 2) the offer of payment or remuneration to induce such referrals. See e.g., *United States ex. rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 889, 903 (5th

---

[2] The **FCA** provides:
    (a) Any person who-knowingly presents or causes to be presented to an officer or employee of the United States Government … a false or fraudulent claim for payment or approval …; [or] knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government … is liable to the United States Government for a civil penalty of not less than $5,500 and not more than $11,000, plus 3 times the amount of damages which the Government sustains because of the act of that person…
31 U.S.C. § 3729(a)(1), (2).
[3] The Anti- Kickback statues are codified at Title 42 U.S.C § 1320a-7b(b)(2).

Cir. 1997). Defendants are also alleged to have violated the Stark Laws,[4] which prohibit physicians from referring Medicare patients to an entity for certain health services, if the referring physician has a "financial relationship" with such entity. 42 U.S.C. §1394nn(a)(1); *Id.* at 902. The Defendants have submitted claims for payment to Medicaid and Medicare in which they certified that they were in compliance with healthcare laws and regulations; plaintiffs claim they were not in compliance, however, because of violations of the above laws. These false certifications of compliance to collect payment, say plaintiffs, constitute violations of the FCA.

This court has jurisdiction over this action pursuant to 28 U.S.C. § 1345[5] and 31 U.S.C. §§ 3730(b)[6] and 3732(a)[7]. Venue is also proper in this district in accordance with 31 U.S.C. § 3732(a).

---

[4] The Stark laws, named for the statute's Congressional sponsor, Representative Fortney H. "Pete" Stark, are codified at Title 42 U.S.C. § 1395nn.

[5] **§1345. United States as plaintiff.**
Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress. Title 28 U.S.C. § 1346.

[6] **§3730 Civil Actions for False Claims.**
    . . .
   (b) Actions by private persons.
(1) A person may bring a civil action for a violation of section 3729 for the person and for the United States Government. The action shall be brought in the name of the Government. The action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting.
Title 31 U.S.C. §3730(b)

[7] (a) Actions Under Section 3730.
Any action under section 3730 may be brought in any judicial district in which the defendant or, in the case of multiple defendants, any one defendant can be found, resides, transacts business, or in which any act proscribed by section 3729 occurred. A summons as required by the Federal Rules of Civil Procedure shall be issued by the appropriate district court and served at any place within or outside the United States.

A hearing on the outstanding motions was conducted by this court on July 17, 2017, during which oral arguments were presented by the government and the Defendants. Attorneys for the United States, for the Relator and for the Defendants were present.

## MOTION TO STRIKE AFFIRMATIVE DEFENSES OR FOR PARTIAL SUMMARY JUDGMENT

The court first considers the motion of the United States to strike the Defendants' affirmative answers to the Amended Complaint, or for partial summary judgment on the affirmative defenses. This court announced its ruling on this motion from the bench at the conclusion of the July 17, hearing. During the hearing, the Defendants agreed to withdraw the following affirmative defenses:

<u>First Defense:</u> Failure to state a claim upon which relief may be granted.

<u>Second Defense:</u> Failure to exhaust administrative remedies.

<u>Fourth Defense</u>: Failure to state claims with requisite particularity.

<u>Fifteenth Defense</u>: Failure to allege facts or causes of action sufficient to support a claim for attorney's fees, and costs, treble damages, and/or legal fees.

<u>Nineteenth Defense</u>: Claims are barred in whole or in part, by the statutory exceptions of 42 U.S.C. §1320a-7(b)(3).

<u>Twentieth Defense:</u> Claims are barred, in whole or in part, by the regulatory exceptions of 42 CFR §1001.952.

<u>Twenty-First Defense:</u> Claims are barred, in whole or in part, by the regulatory exceptions of 42 CFR §1001.952.

Twenty-Third Defense: Relator's action and participation violates separation of powers, the Appointments Clause of Article II, section 2 of the U.S. Constitution and the Take Care Clause of Article II, section 3 of the U.S. Constitution.

The court conducted a telephonic conference with attorneys for all parties on November 30, 2017, during which the court restated the affirmative defenses that had been withdrawn by the Defendants, and the parties concurred. These defenses are withdrawn.

The Government contends that Defendants are filing prejudicial discovery requests predicated on affirmative defenses that lack any factual support. The United States claims, for instance, that Defendants' statute of limitations defense fails as a matter of law, based on the recent case of *U.S. ex rel Vavra v Kellogg Brown & Root, Inc.,* 848 F.3d 366 (5th Cir. 2017). The Government also argues that the other affirmative defenses fail on the merits and requests that all forty-five affirmative defenses be stricken. The Defendants contend that striking the defenses would be premature and that summary judgment would also be premature since discovery has just begun. As previously announced in its Bench Ruling, this court is persuaded that, at this time, if ever, the defenses should not be stricken nor summary judgment rendered regarding the affirmative defenses.

Motions to strike affirmative defenses under Rule 12(f) are disfavored in the Fifth Circuit and are not often granted. *EEOC v. LHC Group, Inc.* No. 1:11-cv-355 LG-JMR, 2012 U.S. Dist. LEXIS 110125 at*2 (S.D. Miss. Aug. 7, 2010). *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1057 (5th Cir. 1982). "Even when addressing a pure question of legal sufficiency courts are very reluctant to determine such issues on a motion to strike, preferring to determine them only after further development by

way of discovery and a hearing on the merits, either on summary judgment motion or at trial." *Solis v. Bruister,* 2012 U.S. Dist. LEXIS 30739 at *20.

This case is largely undeveloped. The Defendants should have the opportunity to wage affirmative defenses. The court sees no undue prejudice or burden to the government and the government has fair notice of what the Defendants are seeking, especially after the hearing on the motions where these defenses were discussed one by one. The court would rather err on the side of caution and allow a questionable defense to be presented that might turn out to be a valid defense. This motion, in the current posture of this litigation, must be denied.

## MOTION TO UNSEAL

Defendants' motion requests that the entire record be unsealed to permit Defendants to analyze the documents in the record, evaluate the allegations against them and assert all potential defenses.

Defendants first argue that there is a presumption of access to judicial records, citing common law principles, *See e.g., SEC v. Van Waeyenberghe,* 990 F.2d 845, 848 (5th Cir. 1993); *Belo Broadcasting Corp. v. Clark,* 654 F.2d 423, 429 (5th Cir. 1981) and public policy concerns. As the Government correctly points out, however, the FCA provides a unique statutory scheme which requires and favors sealing, See *United States ex rel. Killingsworth v. Northrop Corp.*, 25 F.3d 715, 720 n.2 (9th Cir. 1994); so this argument is not persuasive.

Of particular concern to the Defendants are the motions for extensions of time filed by the government for additional time to make the decision on whether to intervene. Defendants say these documents are necessary to their statute of limitations defense. The statute of limitations issue that Defendants raise is based on whether the government's

6

intervention relates back to the date of the Relator's claim.  The Government says this is not plausible, that Defendants have not and cannot demonstrate how the sealed documents would assist a statute of limitations defense.  Additionally, says the Government, Defendants can obtain the information needed through discovery.

The FCA provides for relation back so long as the claims arise out of the same conduct as set forth in the Relator's complaint, but this is not to say that Defendants are not entitled to sufficient information to make that assessment.  On the other hand, this court agrees with the government that Defendants should not be given "wholesale access to in camera filings" [doc. no. 167 p.2]; but as stated in *United States ex rel. Mikes v. Straus,* 846 F.Supp. 21, 23 (S.D.N.Y.1994), and *U.S. ex rel. Coughlin v. Int'l Bus. Machines Corp.,* 992 F. Supp. 137, 140–41 (N.D.N.Y. 1998), the court has the discretion, as the case proceeds, to preserve the seal or not, balancing the need for disclosure against the risk of harm.

This court conducted a telephonic conference with counsel for all parties on November 30, 2017.  The Government renewed its request for an in camera hearing prior to any decision to unseal the court record.  Defendants objected to an in camera review. The court, though, granted the government's request and set the hearing for December 7, 1017 at 9:30 a.m.  The record here will remain sealed until after the hearing and until the court has made a decision to unseal.  This hearing will be conducted in camera; Defendants are excluded.  A verbatim record will be made of the proceedings, but shall not be disclosed unless the record is unsealed.

Should this court order the record, or parts of it, unsealed, the Defendants will be afforded the opportunity to review the record and supplement their motion to dismiss the Government's Amended Complaint. The Government will, in turn, be allowed to respond.

If the record is not unsealed, the court will not Provide Findings of Fact and Conclusions of Law as requested by Defendants as such would not be possible without disclosing the very records that the court may determine should not be disclosed. The court, in that event, will make a record in broad terms, for the basis for its decision.

IT IS, THEREFORE, ORDERED that Defendant's Motion to Unseal the case [doc. no. 163] is held in abeyance pending the in camera hearing set for December 7, 2017. The United States' Motion to Strike Answer or for Partial Summary Judgment on Defendant's Affirmative Defenses **[doc. no. 171] is denied**, consistent with the court's discussion herein.

SO ORDERED AND ADJUDGED, this the 14th day of December, 2017.

                                         _s/HENRY T. WINGATE_____
                                         UNITED STATES DISTRICT JUDGE