**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**JAMES ALDRIDGE, RELATOR**
**ON BEHALF OF UNITED STATES**
**OF AMERICA**                                                                                                    **PLAINTIFF**

**v.**                                                                           **CIVIL ACTION NO. 1:16-CV-369-HTW-LRA**

**CORPORATE MANAGEMENT, INC., ET AL.**                                                **DEFENDANTS**

**ORDER**

BEFORE THIS COURT is the motion of the United States for entry of the judgment on the verdict in this case [doc. no. 390] which was announced on March 12, 2020. The jury found Ted Cain, Julie Cain, Tommy Kuluz, Corporate Management, Inc., and Stone County Hospital, Inc., liable under the False Claims Act. The jury also found Ted Cain, Julie Cain, and Corporate Management, Inc., liable under the common law theory of unjust enrichment, and found Stone County Hospital, Inc., liable for payment by mistake of fact. The jury found in favor of defendant Starann Lamier, finding that she was not liable for any of the alleged violations.

This court originally scheduled arguments to be heard on March 26, 2020, on the issues of civil penalties, anticipating entry of a judgment shortly thereafter. Because of the Covid-19 pandemic, the hearing had to be continued. This court rescheduled the hearing for May 6, 2020, by videoconference. At that hearing, the court heard the Government's request for entry of the judgment or, alternatively, for prejudgment remedies under the Federal Debt Collection Procedures Act (FDCPA). The United States renewed its concern that as time passes between the jury verdict and entry of the judgment the more time creditors would have to secure any interests they might have and the more time the Defendants would have to draw down assets.

Since this court is prepared to enter its judgment in this case, the court sees no need to invoke the pre-judgment provisions of the FDCPA. Upon entry of the judgment, the United States will be able to avail itself of the usual post-judgment collection procedures.

This court determines that the damages awards for unjust enrichment and for payment by mistake of fact are subsumed within the verdict under the False Claims Act. While the Government may plead alternative theories for relief for the same injury, there can be only one recovery. As the Fifth Circuit stated in *Drummond v. BestCare Laboratory Services, LLC,* "[b]oth sets of awards arise from the same underlying conduct, so the Government is entitled to recover only once." *Id.,* 950 F.3d 277, 284 (5th Cir. 2020). This court will enter its judgment based on the jury's findings under the False Claims Act only.

This court has determined that the provisions of 31 U.S.C. §3729 require that the trial court apply treble damages for violations of the False Claims Act. The damages amount found by the jury for False Claims violations is multiplied by three to determine the total damages award from each defendant found liable. The court's final judgment will reflect treble damages for each defendant, jointly and severally, up to each defendant's respective liability amount.

This court is also charged with assessing the civil penalty amount under the False Claims Act. In an effort to expedite entry of the judgment, the United States has expressed its willingness to accept the minimum statutory penalty amount for each violation of the False Claims Act. The jury found each cost reporting year to represent one violation. For years 2004 through 2014, the minimum penalty amount is $5500, which the court imposes for each such claim. For the year 2015 the court finds the minimum statutory penalty amount to be $11,181, which the court imposes. All but one defendant was found guilty of twelve violations, including year 2015. Tommy Kuluz was found guilty of eleven violations, including year 2015.

As also represented by the Government in the video hearing of May 6, 2020, the Government agrees that liability for the civil penalties will be joint and several, up to the limits of each defendant's individual liability, and this court concurs.  This civil penalty amount is in addition to the liability for damages under the False Claims Act.

This court additionally awards post-judgment interest at the legal rate set by 28 U.S.C. §1961.

This court hereby **grants, in part,** Plaintiff's motion **[doc. no. 390]** for entry of judgment. The Plaintiff United States of America is directed to prepare a judgment consistent with the jury verdict and this order, for submission to the court for its approval and entry, by 5:00 p.m. on May 9, 2020.

The court will enter, at a later date, detailed findings.

The court continues its order forbidding the defendants from transferring, dissipating, selling or disposing of any of their assets.

SO ORDERED AND ADJUDGED, this the 8th day of May, 2020.

                                         s/ HENRY T. WINGATE_____
                                         UNITED STATES DISTRICT COURT JUDGE