**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**JAMES ALDRIDGE, RELATOR,**
**on behalf of the**
**UNITED STATES OF AMERICA**                                                                                                  **PLAINTIFF**

**v.**                                                                                          **Civil Action No. 1:16-CV00369 HTW-LGI**

**CORPORATE MANAGEMENT INC.,**
**et al**                                                                                                                               **DEFENDANTS**

## ORDER

Before this court is a Motion for Entry of Judgment [doc. no.  396], and for Costs Taxed

Against the Plaintiff.  The attorneys for Starann Lamier, a former defendant in this cause who

escaped any liability because a jury of her peers found in her favor in this cause where plaintiffs

James Aldridge, Relator, and the United States of America had accused her and others of  Medicare

fraud under the False Claims Act. 31 U.S.C. §3729 *et. seq*.  At the conclusion of a hotly-disputed

trial which consumed some eight-and-a-half  weeks and the presentation of over three hundred

(300) exhibits, the jury rendered verdicts against Ted Cain, Julie Cain, Tommy Kuluz, Stone

County Hospital and Corporate Management, Inc. ("C.M.I.") for violations of the False Claims

Act, and against Ted Cain, Julie Cain, and C.M.I.,  for unjust enrichment, and awarded plaintiffs

the sum of  $10,855,382.00.  Since the operative statute powering the dispute was the False Claims

Act, this court, pursuant to 31 U.S.C. §3729(a)(1).[1] was obligated to triple that verdict to the sum

of $32,566,146, and to add civil penalties in the amount of  $71,681.00.

---

[1] Section 3729(a)(1) of The **FCA** provides:
(a) Any person who-knowingly presents or causes to be presented to an officer or employee of the
United States Government … a false or fraudulent claim for payment or approval …; [or]
knowingly makes, uses, or causes to be made or used, a false record or statement to get a false
or fraudulent claim paid or approved by the Government … is liable to the United States
Government for ***a civil penalty of not less than $5,500*** and not more than $10,000, as adjusted by the
federal Civil Penalties Inflation Adjustment Act of 1990 (28 U.S.C.  2461),  ***plus 3 times the amount of***
***damages*** which the Government sustains…31 U.S.C. § 3729(a)(1) (emphasis added).

Defendant Starann Lamier was the lone defendant who heard a verdict in her favor.  Having stated in her papers and testified similarly at trial that she had no involvement in preparing or submitting cost reports to Medicare, the jury announced:  "Did Starann Lamier violate the False Claims Act? No."

Now, by the present motion and fresh off of her victory, Ms. Lamier seeks an end to her involvement in this suit, and costs to reimburse her for any monies to which she is entitled in connection with expenditures on her defense.

As readily apparent, Ms. Lamier's motion is twofold: first, she seeks a judgment confirming the jury's verdict.  Then, she asks for costs.

Her motion for entry of the judgment in this matter is understandable and solid.  She won, and under the Rules of Civil Procedure, she is certainly entitled to a judgment.  Rule 58 (d) says so, as it directs: " A party may request that judgment be set out in a separate document as required by Rule 58(a)."  Fed .R. Civ. P. 58(d).

 Lamier's motion, however, is moot.  Back on May 10, 2020, over ten months ago, this court entered a judgment in her favor [doc. no. 409].

Next, this court addresses the still-live issue of costs.  Federal jurisprudence, in appropriate circumstances, allows costs to both plaintiffs and defendants. See  *Scarborough v. Principi,* 541 U.S. 401, 406 (2004) *Starry Associates, Inc. v. United States*, 892 F.3d 1372, 1377 (Fed. Cir. 2018). *Lauritzen v. Lehman*, 736 F.2d 550, 558 (9th Cir. 1984) (the standard under section 2412 (d) covers both prevailing plaintiffs and prevailing defendants in general litigation against the Government).

Ms. Lamier looks to Title 28 U.S.C. §2412, which provides at subsection (a), that an award of costs shall be "limited to ***reimbursing*** in whole or in part the prevailing party for the costs ***incurred*** by such party in the litigation." 18 U.S.C. §2412(a)(1) (emphasis added).  See *S.E.C. v.*

2

*Comserv Corp.*, 908 F.2d 1407, 1413-15 (8th Cir. 1990).  Caselaw enshrining this pronouncement are legion: See e.g., *Marx v. General Revenue Corp.* 568 U.S. 471 (2013); *U.S. v. Claro*, 579 F.3d 462 ( 5th Cir. 2009); *Pacheco v. Mineta*, 448 F.3d 783 (5th Cir. 2006). *United States v. 122.00 Acres of Land,* 856 F.2d 56 (8th Cir.1988); *U.S. v. Aisenberg,* 358 F.3d 1327 (11th Cir. 2004*); GasPlus, LLC v. U.S. Dept of Interior* 593 F.Supp.2d 80 (D.D.C. 2009 ); *U.S. v. Marolf,* 277 F.3d 1156 (9th Cir. 2002*); Nadarajah v. Holder*, 59 F.es 906 (9th Cir 2009).

Ms. Lamier's quest, though, presents a juridical interrogatory: is she entitled to costs generated by her defense at trial, when her defense bills were paid entirely by a third-party volunteer, that is, by a person or entity not obligated by duty, contract or any legal obligation to finance her? This court has allowed oral argument on the question and now is ready to rule.

The court begins by pointing to certain crucial background facts. Ms. Lamier worked for C.M.I., holding the position of Chief Operating Officer. She and  Ted Cain, Julie Cain, Tommy Kuluz, C.M.I. and Stone County Hospital were all sued by the plaintiffs under the False Claims Act.  The owner of Stone County Hospital is Ted Cain.  Stone County Hospital paid all of Ms. Lamier's defense costs.  This statement is undisputed. Ms. Lamier testified under oath that she had incurred no costs for her legal defense.  Defendant Ted Cain echoed her testimony, verifying that Stone County Hospital was paying all defense costs for all defendants, a gesture which embraced Ms. Lamier.  Neither Ms. Lamier nor Ted Cain/Stone County Hospital contends that Ms. Lamier is obligated to repay Ted Cain/Stone County Hospital.  This court views the status of Ted Cain/Stone Cunty Hospital as that of a "volunteer."

Ms. Lamier's motion was not accompanied by a supporting memorandum.  The full extent of her request for an award of costs is as follows:

> 2. Ms. Lamier accordingly requests that the Court enter judgment in her favor, with costs taxed against the Plaintiff pursuant to 28 U.S.C. §2412(a) and other applicable law.
> …

WHEREFORE, PREMISES CONSIDERED, Ms. Lamier respectfully requests that the Court grant her motion and enter judgment in her favor, costs taxed against the Plaintiff. Ms. Lamier requests such other and further relief as the Court deems just and proper.

*Starann Lamier's Motion for Entry of Judgment.* [doc. no. 396 at p. 1]

Ms. Lamier provided no additional information in support of her motion for costs.

In her Reply brief, Lamier cites rule 54(d)(1) of the Federal Rules of Civil Procedure for the proposition that costs – other than attorney's fees – should be allowed to the prevailing party. That rule continues, "But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law." Fed.R.Civ.P. 54(d)(1). The extent allowed by law, according to  28 U.S.C. §2412 (b) is "limited to reimbursing in whole or in part the prevailing party for the costs *incurred* by such party in the litigation. " 28 U.S.C. §2412(a)(1) (emphasis added).

This court now must examine §2412(a)(1) which provides at subsection (a) as follows:

**(a)(1)** Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation.

28 U.S.C.A. § 2412 (West).

*In S.E.C. v. Comserv Corp.*, 908 F.2d 1407 (8th Cir. 1990) the word "incur" in the context of "attorneys' fees" is defined as actually paying one's own legal expenses. *Id.* at 1412-1415. Under this definition, Defendant Lamier did not "incur" any costs for which she is entitled to be reimbursed.  If she has incurred any costs subsequent to trial, she has not cited or even alluded to such.

4

An award of costs under §2412 is discretionary.  See *Cruz v. Commission of Social Security* 630 F. 3d 321, 325-26 (3rd Cir. 2010); *Neal & Co. v. United States,* 121 F.3d 683, 686-87.  Since the Defendants contend that Stone County Hospital was paying the legal defense costs for all defendants, including that of Starann Lamier, any claim by her at this late date that she has been, or will be, required to actually pay any costs or to indemnify Ted Cain or Stone County Hospital for costs, would be met with extreme skepticism by this court in view of the testimony heard at trial.  Under the circumstances delineated here, this court is of the opinion that an award of costs to Lamier would be unjust, and the court chooses to exercise its discretion to deny an award of costs to this defendant.

IT IS THEREFORE ORDERED AND ADJUDGED, that Starann Lamier's Motion for Entry of Judgment **[doc. no.  396]** is granted in part and denied in part.  The motion is granted to the extent that Judgment has been entered in her favor, but is denied to the extent that this court is persuaded that she is not entitled to costs to be taxed against the Plaintiffs.

SO ORDERED AND ADJUDGED this the 31st day of March, 2021.


   s/ HENRY T. WINGATE
**UNITED STATES DISTRICT JUDGE**