**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**JAMES ALDRIDGE, RELATOR,**
on behalf of the
**UNITED STATES OF AMERICA**                                                                **PLAINTIFF**

v.                                                              Civil Action No. 1:16-CV-00369 HTW-LRA

**CORPORATE MANAGEMENT INC.,**
et al                                                                                                         **DEFENDANTS**

**<u>ORDER</u>**

This court conducted an emergency status conference in this matter on March 4, 2022, at the request of the United States. The Government believed that certain real property belonging to one or more Defendants was the subject of an imminent sale, which allegedly would violate the Judgment of this court entered May 10, 2020 [doc. no 409]. The Judgment states: "The Court continues its Order forbidding the defendants [Ted Cain, Julie Cain, Thomas Kuluz, Stone County Hospital and Corporate Management, Inc.] from transferring, dissipating, selling or disposing of any of their assets." Allowing the sale and/or transfer of Defendants' assets, the government said, would impede its ability to satisfy the judgment [$32,637,827 jointly and severally up to the limits of each defendant's liability] obtained against these Defendants.

The United States claims that property previously owned by Defendant H. Ted Cain (hereafter Ted Cain) located at 400 Beach Boulevard, Bay St. Louis, Mississippi, is the subject of a pending sale, and is the same property which was the subject of this court's order forbidding Defendants from dissipating, selling, or disposing of any of their assets. Defendants do not deny that the property is being sold, but question whether the court's forbearance order embraced subject property and, further, say that the sale will not be consummated until May of 2022.

The court views this matter as basically a motion to enforce judgment and a salient aspect of that judgment required forbearance on defendant's part of any transfer, disposal, sale, or encumbrance of any assets that should be part of the judgment. The United States has a sizeable judgment against Ted Cain and Ted Cain has sizeable assets.

During the nearly three months jury trial of the government's claims against the defendants [Ted Cain, Julie Cain, Thomas Kuluz, Stone County Hospital and Corporate Management, Inc.] under the False Claims Act, this court learned that Defendant Ted Cain had listed certain properties for sale, including his personal residence, and including the property at issue here. This court issued several orders over the course of the trial ordering Defendants not to dissipate assets and the court included that same prohibition in the Final Judgment.

Defendants say this court's prior order was not broad enough to include the property primarily at issue here, the property at 400 Beach Boulevard in Bay St. Louis, Mississippi. Defendants also argue that resolution of this issue is not proper in *this* proceeding, since the properties at issue have been transferred into trusts for the benefit of the Cains' two children, and those trusts are the subject of separate litigation.[1] Defendants urge the court to require the Government to file a motion to enforce the judgment and to allow briefing on the motion.

The Government says it is concerned with Defendants' compliance with the orders of this court in *this* proceeding and unless this court takes prompt action, the Government will be prevented from collecting on its judgment against these Defendants. The Government is also concerned that more properties owned and/or controlled by Ted Cain might also be subject to dissipation and/or transfer to the control of others without the Government's knowledge,

---

[1] See *Aldridge v. Cain*, 3:20-cv-321 HTW-MTP (S.D. Miss.) and *United States v. Cain*, 1:22-cv-00011-HTW-RHWR (S.D. Miss.).

particularly since the Government says it only found out about the current pending sale "by happenstance." This court is predictably and acutely concerned.

This court made its ruling from the bench, and the transcript of that proceeding is incorporated herein.

The Government will file its motion to enforce judgment, setting out the particulars and stating which properties are the subject of their motion. This parties will adhere to the expedited briefing schedule, as follows. The Government will file its motion to enforce the judgment by March 11, 2022. Defendants will have 14 days to file their Response. The Government will have 7 days to file its Reply.

The United States says it also intends to file a motion to have this court lift any stay that arguably prevents the Government from engaging in Rule 69[2] discovery [doc. no.455]. The Government intends to file its motion and brief on or before March 7, 2022. The Defendants will have 7 days to file a Response and the Government will have 3 days thereafter for its Reply.

In the meantime, this court enjoins the Defendants from transferring, selling, encumbering, or disposing of any of the properties identified by the United States. Such properties are not to have any color of alteration of ownership, no liens, no legal encumbrances which would affect ownership or control that would remove them from the embrace of Ted Cain or the entities he controls.

While the court has been told by defense counsel that the sale of the Beach Boulevard property will not be consummated until May, this court has no information to confirm that. The

---

[2] Rule 69(a)(2) of the Federal Rules of Civil Procedures provides as follows:
(2) Obtaining Discovery. In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the court is located.
Fed. R. Civ. P. 69.

court will not allow any dissipation, so there can be no final sale. If there is a contract in effect, it will not be finalized until this court agrees.

The assets here are under the jurisdiction of this court unless this court determines they are not – that they lie outside the judgment. If there are any other properties for sale among the properties identified by the United States and listed below, they are not to be placed under contract of sale.

Cain's companies are interwoven, with some held by holding companies, but if any companies are subject to Cain family control or ownership, this prohibition against dissipation applies to all of them. There is to be no change is the status of any of these properties. This court is not going to deal in sophistry. This court order applies if Ted Cain is in control, even if acting through a corporate structure, or in the role of a "manager."

If the sale of the Beach Boulevard property takes place before May, contrary to the representations of Defendants' attorneys, the court will deal with that as a matter of contempt or some other disciplinary proposition.

The Government has listed all properties believed to be owned or managed by Ted Cain and HTC Elite and its management company, HTC Enterprises, as follows:

1222 South Main Street, Poplarville, Mississippi; 39470 that's referred to as the Poplarville office building; HR Properties, LLC, which is the 400 North Beach Boulevard, Bay St. Louis, Mississippi 39520 property; the East Pine Avenue property, at 142 East Pine Avenue, Wiggins, Mississippi 39577; the West Pine Avenue, LLC, at 146 West Pine Avenue, Wiggins, Mississippi 39577; George County Commercial Lots, Lucedale, Mississippi, address unknown; Harrison County Commercial Lot, 11545 Old Highway 49 Gulfport, Mississippi 39503; River Lots, LLC in Stone County, no address; and Diamondhead Commercial Lands, LLC 5427B Gex

Road, Diamondhead, Mississippi; the Highway 49 Commercial Property in Perkinston, Mississippi 39574; Stone County commercial lot, Stone County, Mississippi 39577; H&J Range, LLC 1479 Stockyard Road, Pickens, Mississippi 39146; Wiggins Farm Property, LLC, 164 Lott, L-o-t-t, Cemetery Road, Perkinston, Mississippi 39573; Wiggins Acute Care Hospital, LLC, 1434 East Central Avenue, Wiggins, Mississippi 39577; Wiggins Nursing Home, LLC 1436 East Central Avenue, Wiggins, Mississippi 39577; Diamondhead Nursing Facility 5427 Gex Road Diamondhead, Mississippi 39525; and Cain Cattle Company, which is 164 Lott Cemetery Road, Perkinston, Mississippi 39573.

This court's Order covers all of the above physical properties as well as the LLC's. This court reiterates that this order covers any entities owned by, or managed by Ted Cain, his wife, children, et cetera. None of these properties or entities is to be dissipated, sold, transferred, whatsoever, unless the court determines that they are not subject to the judgment which concerns us here.

The court adds that it is concerned about any fraudulent transfers or conveyances and if such companies are the alter egos of Ted Cain. This court aims to prevent dissipation of assets by any and all means. This court will make its determination if there is an attempt to evade.

Once this court has studied the filings, it may request oral arguments.

SO ORDERED AND ADJUDGED, this 14th day of March, 2022.

          s/ HENRY T. WINGATE
          UNITED STATES DISTRICT JUDGE