UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| JAMES ALRIDGE, RELATOR, ) | |
| on behalf of UNITED STATES ) | |
| OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. |
| ) | 1:16-cv-369-HTW-LGI (FCA Action) |
| ) | |
| CORPORATE MANAGEMENT, INC.; ) | Related Cases: |
| STONE COUNTY HOSPITAL, INC.; ) | |
| TED CAIN; JULIE CAIN; ) | 1:20-CV-321-HTW-MTP (consolidated) |
| and THOMAS KULUZ ) | 1:22-CV-11-HTW-BWR (consolidated) |
| ) | |
| Defendants. ) | |

**ORDER REGARDING PROCESS FOR LIQUIDATION OF ASSETS**

THIS MATTER came before the Court during a Status Conference on February 6, 2024. Discussions were presented to the court regarding the execution of the judgment and the Receiver's liquidation of assets of the above-named Defendants. The Court finds as follows:

1.

The Court is in the process of entering an Amended Judgment reflecting the proper amounts owed by the Defendants.

2.

On July 25, 2023, an Order Appointing Receiver was entered by the Court in this proceeding (Docket No. 675) ("Receiver Order"). Pursuant to said Order, Derek A. Henderson was appointed the Receiver over Ted Cain's personal and joint family assets, and over all entities owned, controlled and/or managed by Ted Cain in whole or in part, directly or indirectly pursuant to Federal Rule of Civil Procedure 66 and 28 U.S.C. § 3103 ("Henderson" or "Receiver").

3.

This Court has the authority under 28 U.S.C. § 3103 to appoint a receiver and grant other relief necessary and appropriate to effect the efficient, orderly, and fair liquidation of Ted Cain's Assets and Ted Cain Entities[1] (collectively "Cain Assets").

4.

The appointment of a receiver was necessary to control and preserve the Ted Cain Assets and the Ted Cain Entities. On August 16, 2023, the Court entered its Order Regarding Receiver Powers and Other Relief ("Receivership Order") (Docket No. 685) which provides that no party shall dispose of Cain Assets without the consent of the Receiver or the Court.

5.

To ensure an orderly liquidation of the Defendants' assets, an Order should be entered for clarification.

THEREFORE, IT IS ORDERED as follows:

A) Upon entry of the Amended Judgment the Receiver shall transfer to the United States monies held in accounts by Defendants to this action for which he has signatory authority;

B) Within twenty-one (21) days of the entry of an Amended Judgment, the Receiver

---

[1] The "Cain Entities" shall include, but not necessarily limited to, Harold T. (Ted) Cain, Julie P. Cain; HTC Enterprises, LLC; HTC Elite, L.P. doing business as MxV; Evan Trace Cain GST Trust; Logan Patrick Cain GST Trust; and Lucinda K. Sloan, in her capacity as trustee; Woodland Village Nursing Center, LLC; Diamond Head Nursing Facility, LLC; Wiggins Nursing Home, LLC; Stone County Nursing and Rehabilitation Center, Inc; Leakesville Rehabilitation & Nursing Center, Inc.; Quest Pharmacy, Inc.; Focus Group, Inc.; Melody Manor Convalescent Center, Inc.; Harrison County Commercial Lot, LLC; West Pine Avenue Property, LLC; George County Commercial Lot, LLC; Cain Cattle Company, Inc.; Wiggins Acute Care Hospital, LLC; Poplarville Office Building, LLC; HR Properties, LLC; East Pine Avenue Property, LLC; River Lots, LLC; Diamondhead Commercial Land, LLC; Highway 49 Commercial Property, LLC; Stone County Commercial Lot, LLC; H & J Ranch, LLC; Wiggins Farm Property, LLC; Intrinsic Media, LLC; HTC Healthcare, LLC; HTC Elite LP II; Corporate Management Inc. (CMI); Stone County Hospital. As defined by the prior Order (Docket No. 675), these entities shall include personal and joint family assets, and all entities owned, controlled and/or managed by Ted Cain in whole or in part, directly or indirectly.

shall deliver to the Court and the Parties a Liquidation Plan for the assets of the Defendants;

      C)      The United States has the right to execute upon entry of the Amended Judgment and in doing so will abide by all applicable statutes, regulations, and rules, including, but not limited to, the Federal Debt Collection Procedures Act; and

      D)      The entry of this Order is not and shall not be construed to be a waiver of any kind by the Parties. The Parties reserve all of their rights and remedies.

SO ORDERED, this the 29th day of February, 2024.

          /s/HENRY T. WINGATE
          Honorable Henry T. Wingate
          U.S. District Judge

Agreed to by:

/s/Derek A. Henderson
Derek A. Henderson, MS Bar #2260
Receiver and Attorney for Receiver
1765-A Lelia Drive, Suite 103
Jackson, MS 39216
(601) 948-3167
derek@derekhendersonlaw.com

/s/Elspeth A. England
Elspeth A. England, VA Bar #82078
Trial Attorney
U. S. Department of Justice / Civil Division
Commercial Litigation Branch / Fraud Section
175 N St. NE, Rm. 9.1324
Washington, DC 20002
(202) 514-8746
Elspeth.A.England@usdoj.gov

/s/John F. Hawkins
John F. Hawkins, MS Bar #9556
Attorney for James Aldridge
Hawkins Law, PC
P. O. Box 24627
Jackson, MS 39225-4627

/s/Angela Givens Williams
Angela Givens Williams, MS Bar #102469
Assistant U.S. Attorney
501 E. Court St, Ste 4.430
Jackson, MS 39201
(601) 973-2822
Angela.Williams3@usdoj.gov

(601) 969-9692
john@hgattorneys.com