UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JAMES ALDRIDGE, RELATOR**
on behalf of UNITED STATES OF
AMERICA                                                                                     **PLAINTIFF**

VERSUS                                           CIVIL ACTION NO. 1:16-cv-369-HTW-LGI

                                                 RELATED CASES:

                                                 1:20-cv-00321-HTW-MTP (consolidated)
                                                 1:22-cv00011-HTW-BWR (consolidate)

**CORPORATE MANAGEMENT, INC**
**ET AL**                                                                                **DEFENDANTS**

### DEFENDANTS' MOTION TO RECONSIDER [DOC. 810] ORDER DENYING MOTION TO TERMINATE RECEIVERSHIP OR, IN THE ALTERNATIVE, MOTION TO LIMIT RECEIVERSHIP

NOW COME the Defendants, Corporate Management, Inc., Stone County Hospital, Inc., H. Ted Cain, Julie P. Cain and Thomas Kuluz (Defendants), by and through their attorneys of record, Brown Buchanan P.A., and move this Court to reconsider its [Doc. 810] Order Denying Motion to Terminate the Receivership, or in the Alternative, move this Court to limit the receivership, and in support of their motion would state as follows:

I.   **BACKGROUND**

On May 1, 2024, Defendants filed their [Doc. 777] Motion to Terminate Receivership. On June 24, 2024, the Court entered its [Doc. 810] Order Denying Motion to Terminate Receivership. Defendants move this Court to reconsider its Order, or in the alternative narrow the scope of the Receivership because the Receiver is no longer necessary.

## II.     CHRONOLOGY

On July 25, 2023, the Court entered its [Doc. 675] Order Appointing Receiver. The Receiver was appointed in response to motions filed by the United States and the Relator regarding contempt. *Doc. 675.* The Court, pursuant to Fed. R. Civ. Pro. 66 and 28 U.S.C. § 3103, appointed a receiver. *Doc. 675*. The United States - who requested the receiver – stated the receiver was necessary so the Court could "shape remedies to protect the Government's ability to collect on a $31.9 million judgment against Ted Cain for 12 years of Medicare cost reporting fraud." *Doc. 649* at 7 (¶ 11). The Government's stated purpose for the receiver - collecting on the judgment - is consistent with the language of 28 U.S.C. § 3103 under which the receiver was appointed. 28 U.S.C. § 3103 states that the receivership "shall not continue past the entry of judgment, or the conclusion of an appeal of such judgment…"

On July 25, 2023, the Court appointed a receiver. On August 16, 2023, the Court entered its [Doc. 685] Order Regarding Receiver Powers and Other Relief. In its Order, the Court held it was necessary to appoint a receiver "to ensure the preservation and protection of and to stem the dissipation of Ted Cain's Assets and the Ted Cain Entities (collectively "Cain Assets)." *Doc. 685* at 2 (¶ 3).

On February 29, 2024, the Court entered the [Doc. 762] Amended Judgment. The Amended Judgment was paid on April 25, 2024. On May 20, 2024, the United States filed its [Doc. 793] Notice of Satisfaction of Judgment. The purpose of the Receiver – to preserve and protect Defendants' assets until the Amended Judgment was satisfied – has been accomplished. Because the Amended Judgment has been satisfied, the need for the Receiver no longer exists. Therefore, the Court should enter an Order terminating the Receivership.

III. **ARGUMENT**

The Court appointed a receiver in the case at bar to preserve Defendants assets to ensure the Judgment could be paid. The Amended Judgment has been paid. With the satisfaction of the Amended Judgment, there are only two (2) issues remaining before the Court. First, Receiver's [Doc. 790] Motion to Approve Compromise Settlement Regarding Realtor's Legal Fees and Expenses. Second, [Doc. 797] Motion to Intervene and [Doc. 813] Plaintiff/Intervenor's Supplement in Support of Motion to Intervene and for Summary Judgment.

Regarding these pending issues/motions, the Receiver has represented to the Court that the worst case exposure scenario for both of these issues – total – is Six Hundred Thousand and 00/100 dollars ($600,000.00). The Receiver has also represented to the Court that Defendants have approximately One Million Two Hundred Thousand and 00/100 dollars ($1,200,000.00), in two (2) accounts, from which the worst case scenario can be satisfied. The Receiver has these accounts frozen.

Even though there are no pending motions for contempt, if the Court has any concerns that these monies for the worst case exposure may be dissipated, prior to the resolution of these issues, the Court can direct that Six Hundred Thousand and 00/100 dollars ($600,000.00) from these two (2) accounts be paid into the Court's register until the final resolution of these issues. Paying these monies into the registry of the Court would obviate the need for the receiver and the continued cost related to the receiver. [1]

---

[1] The Receiver's invoices for services leading up to and after payment of the Amended Judgment were: March: $19,639.49; April: $26,414.63; May: $25,174.49; and, June:

IV. **MOTION TO LIMIT RECEIVER**

In the alternative, because the Amended Judgment was paid on April 25, 2024, the Receiver has only two (2) pending issues in which he needs to be involved. These two (2) issues are: 1) Receiver's [Doc. 790] Motion to Approve Compromise Settlement Regarding Realtor's Legal Fees and Expenses; and, 2) [Doc. 797] Motion to Intervene and [Doc. 813] Plaintiff/Intervenor's Supplement in Support of Motion to Intervene and for Summary Judgment. As the Receiver has informed this Court, he has frozen more than enough monies to cover the worst case exposure of these two (2) remaining issues.

Because the Amended Judgment has been satisfied, and because there are adequate monies set aside to address the two (2) remaining issues, no reason exists that would preclude the return Defendants to their status quo – prior to the Receiver – regarding the operation of their business. With the satisfaction of the Amended Judgment, and the two (2) accounts frozen the by Receiver, there exists no reason for the Receiver to continue to be involved in the day to day management of Defendants' businesses. The continued involvement of the Receiver is - at this point - punitive with no reason for punitive aciton. The continued involvement of the Receiver in Defendants' businesses adds unnecessary additional costs (the Receiver's fees) to the operation of Defendants businesses. In addition, the presence of the Receiver in Defendants' business operations negatively impacts Defendants' ability to run their businesses.

WHEREFORE, PREMISES CONSIDERED, the Defendants, Corporate Management, Inc., Stone County Hospital, Inc., H. Ted Cain, Julie P. Cain and Thomas Kuluz, move this Court to reconsider its [Doc. 810] Order Denying Motion to Terminate the Receivership and enter an Order terminating the Receivership, or in the Alternative, enter an Order limiting the scope of the Receivership.

RESPECTFULLY SUBMITTED on this 24th day of July, 2024.

BROWN BUCHANAN P.A.

Attorneys for Defendants, Corporate Management, Inc., Stone County Hospital, Inc., H. Ted Cain, Julie P. Cain, Thomas Kuluz, HTC Elite, L.P., HTC Enterprises, LLC, Woodland Village Nursing Centery, LLC, Diamond Head Nursing Facility, LLC, Wiggins Nursing Home, LLC, Cain Cattle Company, Inc., Quest Pharmacy, Inc. Leakesville Rehabilitation & Nursing Center, Inc., Harrison Commercial Lot, LLC, West Pine Avenue Property, LLC, George County Commercial Lot, LLC, Stone County Commercial Lot, LLC, Focus Group, Inc., Melody Manor Convalescent Center, Inc., HR Properties, LLC, East Pine Avenue Property, LLC, Diamondhead Commercial Land, LLC, River Lots, LLC, H & J Ranch, LLC, Wiggins Acute Care Hospital, LLC, Poplarville Office Building, LLC, Intrinsic Media, LLC, HTC Healthcare, LLC, Stone County Nursing and Rehabilitation Center, Inc., Highway 49 Commercial Property, LLC, Wiggins Farm Property, LLC and HTC Elite LP II.

 /s/ *Patrick R. Buchanan* (MSB # 8439)
PATRICK R. BUCHANAN

BROWN BUCHANAN P.A.
234 Caillavet Street
Post Office Box 1377
Biloxi, Mississippi 39533
Telephone:     228.374.2999
E-mail:            mailb@brownbuchanan.com

## **CERTICATE OF SERVICE**

I, the undersigned, do hereby certify that I have this day electronically filed a true and correct copy of the foregoing pleading with the Clerk of Court using the ECF system which sent notification of such filing to the following:

Derek Henderson
Derek A. Henderson, Attorney at Law
1765-A Lelia Drive, Suite 103
Jackson, MS  39216
derek@derekhendersonlaw.com

J. Brad Pigott
Pigott & Johnson, P.A.
775 Congress Street
Jackson, MS  39202
Bpigott@prjlawyers.com

John F. Hawkins
Hawkins Law, PC
226 North President Street
P.O. Box 24627 (39225-4627)
Jackson, MS  39201
john@hgattorneys.com

This the 24th day of July, 2024.

/s/ Patrick R. Buchanan
PATRICK R. BUCHANAN