UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JAMES ALRIDGE, RELATOR,** | ) | |
| on behalf of **UNITED STATES** | ) | |
| **OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION NO.** |
| | ) | **1:16-cv-369-HTW-LGI (FCA Action)** |
| | ) | |
| **CORPORATE MANAGEMENT,** | ) | Related Cases: |
| **INC., et al.,** | ) | **1:20-CV-321–HTW–MTP (consolidated)** |
| | ) | **1:22-CV-11-HTW-BWR (consolidated)** |
| Defendants. | ) | |

**AGREED ORDER REGARDING LEASE TERMINATION
AND CHANGE OF OWNERSHIP**

THIS MATTER COMES before the Court upon Joint Motion to Approve Agreed Order Regarding Lease Termination and Change of Ownership (Docket No. 876). Pursuant to Paragraph No. 32 of the Order Regarding Receiver's Powers and Other Relief (Docket No. 685), the Receiver and Harold T. ("Ted") Cain along with the Ted Cain Entities[1] (collectively "Cain") have filed a Joint Motion to Approve Agreed Order Regarding Lease Termination and Change of

---

[1] The "Cain Entities" shall include, but not necessarily limited to, Harold T. (Ted) Cain, Julie P. Cain; HTC Enterprises, LLC; HTC Elite, L.P. doing business as MxV; Evan Trace Cain GST Trust; Logan Patrick Cain GST Trust; and Lucinda K. Sloan, in her capacity as trustee; Woodland Village Nursing Center, LLC; Diamond Head Nursing Facility, LLC; Wiggins Nursing Home, LLC; Stone County Nursing and Rehabilitation Center, Inc; Leakesville Rehabilitation & Nursing Center, Inc.; Quest Pharmacy, Inc.; Focus Group, Inc.; Melody Manor Convalescent Center, Inc.; Harrison County Commercial Lot, LLC; West Pine Avenue Property, LLC; George County Commercial Lot, LLC; Cain Cattle Company, Inc.; Wiggins Acute Care Hospital, LLC; Poplarville Office Building, LLC; HR Properties, LLC; East Pine Avenue Property, LLC; River Lots, LLC; Diamondhead Commercial Land, LLC; Highway 49 Commercial Property, LLC; Stone County Commercial Lot, LLC; H & J Ranch, LLC; Wiggins Farm Property, LLC; Intrinsic Media, LLC; HTC Healthcare, LLC; HTC Elite LP II; Corporate Management Inc. (CMI); Stone County Hospital. As defined by the prior Order (Docket No. 675), these entities shall include personal and joint family assets, and all entities owned, controlled and/or managed by Ted Cain in whole or in part, directly or indirectly.

Ownership. The Court finds that the Joint Motion is well taken and should be granted. The Receiver and Cain assert as follows:

1.

The Court has jurisdiction over the Parties for purposes of this action and venue is proper in this Court.

2.

This Court has the authority under Rule 66, 28 U.S.C. §3103, and its inherent equitable powers to appoint a receiver and grant other relief necessary and appropriate to ensure the preservation and protection of and to stem the dissipation of Ted Cain's Assets and the Ted Cain Entities.

3.

On July 25, 2023, an Order Appointing Receiver was entered by the Court in this proceeding (Docket No. 675) ("Receivership Order"). Pursuant to said Order, Derek A. Henderson was appointed the Receiver over Ted Cain's personal and joint family assets, and over all entities owned, controlled and/or managed by Ted Cain in whole or in part, directly or indirectly pursuant to its inherent equitable authority, Federal Rule of Civil Procedure 66 and 28 U.S.C. §3103. In additional to the provisions of the Receiver Order, the Court determined that an additional and supplement Order should be entered for further clarifications, guidelines and directions from the Court (28 U.S.C. §3103(e)). On August 16, 2023, an Order Regarding Receiver Powers and Other Relief was entered by the Court (Docket No. 685) ("Receivership Order").

4.

Pursuant to Paragraph No. 32 of the Receivership Order, "Where court approval for any action is necessary, then that approval may be sought by either (a) both parties and the Receiver agreeing in writing to a proposed order, or (b) the Receiver filing a written motion with the

Court and furnishing no less than fourteen (14) days notice to the parties via their respective counsel." The Receiver and Cain have filed the Joint Motion to Approve Agreed Order Regarding Lease Termination and Change of Ownership as authorized by Paragraph 32(a).

5.

Woodland Village Nursing Center ("Nursing Center") operates in Diamondhead, Mississippi.

6.

The real property of the Nursing Center is owned by two (2) separate Cain Entities. Diamondhead Nursing Facility, LLC owns the real property which is the nursing center building. Diamondhead Commercial Land, LLC owns the real property which is the rehabilitation building and a certain patient assisted living apartments. These two tracts of real property are referred to herein as the "Subject Real Property".

7.

The Subject Real Property has been leased to Memorial Hospital of Gulfport, Mississippi ("Memorial"). The lease is dated September 16, 2019, and expires on September 22, 2029.

8.

The management of the operations of the Nursing Center was being provided by another Cain Entity, Corporate Management, Inc. ("CMI"), pursuant to a Management Agreement with Memorial. This Management Agreement generated income for CMI in excess of Ninety Thousand and 00/100 dollars per month.

9.

Memorial asserted that due to the Receivership of CMI, Memorial had the contractual right to terminate the Management Agreement. Memorial was told by the Receiver it could not terminate the Management Agreement with Corporate Management, Inc. without approval of this Court. Despite being told it could not terminate the Management Agreement with Corporate

Management, Inc. without approval of this Court, Memorial, without approval of this Court, improperly terminated the Management Agreement with Corporate Management, Inc. effective February 29, 2024.

10.

CMI received a letter from Memorial dated November 13, 2023, giving notice of the termination of the Management Agreement between Memorial and CMI. By letter dated November 14, 2023, Diamondhead Nursing Facility, LLC, Diamondhead Commercial Land, LLC and Woodland Village Nursing Center, LLC ("Lessors") preserved their rights and pursuant to Section 15.4 of the Lease Agreement between Lessors and Memorial dated September 16, 2019, gave notice of termination of the Lease Agreement. Memorial, without approval of this Court, improperly terminated the Management Agreement with Corporate Management, Inc. effective February 29, 2024. On November 21, 2025, the Circuit Court of Harrison County, Mississippi, First Judicial District, held that pursuant to this Court's Agreed Order for Resolution and Dismissal of Receiver's Motion for the Court to Provide Guidance and to Approve Resolution Regarding Nursing Center (Docket No. 807) Memorial was not required to obtain permission from the District Court to terminate the Management Agreement because the issue was resolved by this Court's Order (Docket No. 807). Contrary to the Circuit Court's ruling, this Court's Order (Docket No. 807) did not resolve this issue and the Order (Docket No. 807) specifically held that it was not and did not intend to be an adjudication of any rights or issues between the parties, including Cain and Memorial. Despite this issue, the Circuit Court's ruling appears to make Memorial's improper termination of Management Agreement effective as of November 21, 2025.

11.

Based on the Circuit Court's ruling, and without waiving any of their rights against Memorial, Lessors, pursuant to Section 15.4 of the Lease Agreement between Lessors and

Memorial dated September 16, 2019, gave notice of termination of the Lease Agreement on November 21, 2025.

12.

Lessors reserved all their rights under the Lease Agreement as to the enforcement of Memorial's duties and obligations that exist under the Lease Agreement to maintain the Leased Premises in good condition, maintain, repair and replace the roof, any and all structural components, the heating, ventilation and air conditioning system, all plumbing, electrical and equipment systems, and the plumbing, walkways, paving and parking lots. Lessors also reserved their rights to ensure all equipment, furniture and furnishings and subsequent replacements are properly transferred to Lessors at the termination of the Leased Agreement. Further, in accordance with the terms of the Lease Agreement, Lessors reserved the right to ensure that the Leased Premises are returned to Lessors free and clear of all claims, liens, security interests and other encumbrances and in good working order and condition as on the commencement date of the Lease Agreement, ordinary wear and tear excepted.

13.

Further, as a result of the termination of the Lease Agreement, there will be a change of ownership ("CHOW") that will have to be completed.

14.

Under these circumstances, the Receiver and Cain request the Court to authorize the termination of the Lease Agreement with Memorial and allow the CHOW process to be completed.

THEREFORE, IT IS ORDERED as follows:

A)   The Joint Motion to Approve Agreed Order Regarding Lease Termination and Change of Ownership (Docket No. 876) is hereby granted;

B) The Receiver and Cain are authorized to terminate the Lease Agreement dated September 16, 2019, between Diamondhead Nursing Facility, LLC, Diamondhead Commercial Land, LLC and Memorial Hospital at Gulfport;

C) The Receiver and Cain are further authorized to complete the Change of Ownership process as appropriate and necessary; and,

D) Cain does not waive its rights to pursue its claims against Memorial based on Memorial improperly terminating the Management Agreement with Corporate Management, Inc. without the approval of this Court.

SO, ORDERED, this the 7th day of December, 2025.

/s/HENRY T. WINGATE
U.S. District Judge

Agreed to by:

s/Patrick R. Buchanan

s/Derek A. Henderson
Derek A. Henderson, MS Bar #2260   Patrick R. Buchanan, MSB #8439
Receiver and Attorney for Receiver   Attorney for Cain Entities
1765-A Lelia Drive, Suite 103   Brown Buchanan, PA
Jackson, MS 39216   PO Box 1377
(601) 948-3167   Biloxi, MS 39533
derek@derekhendersonlaw.com   (228) 374-2999
   mailb@brownbuchanan.com