# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
December 4, 2025
Lyle W. Cayce
Clerk

No. 25-60169

JAMES ALDRIDGE, *Relator, on behalf of* UNITED STATES OF AMERICA,

    *Plaintiff*,

ROBERT JOHNSON,

    *Intervenor Plaintiff—Appellee*,

*versus*

STONE COUNTY HOSPITAL, INCORPORATED; H. TED CAIN, *professionally and in his individual capacity*; JULIE CAIN; THOMAS KULUZ; CORPORATE MANAGEMENT, INCORPORATED, *a Mississippi Corporation* (CMI),

    *Defendants—Appellants*,

DEREK A. HENDERSON,

    *Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:16-CV-369
_____

Before SOUTHWICK, HIGGINSON, and DOUGLAS, *Circuit Judges*.
STEPHEN A. HIGGINSON, *Circuit Judge*:

This appeal comes to us from longstanding district court proceedings regarding Defendants-Appellants' violations of the False Claims Act. Following the implementation of a receiver in the lower court, and the settlement of the government's claims against Defendants, loose ends remained. On appeal now is one such loose end, concerning intervention by a judgment creditor.

Defendants-Appellants from the principal action in the district court include Corporate Management, Inc., Stone County Hospital, Inc., H. Ted Cain, Julie Cain, and Thomas Kuluz (collectively, "Defendants"). Derek A. Henderson, the court-appointed receiver ("Henderson" or the "Receiver") in the district court proceedings, responds as Appellee, and Interventor-Plaintiff Estate of Robert Johnson ("Johnson") joins Henderson's brief in full.

Defendants challenge the district court's order granting Johnson's motion to intervene in order to enforce a state court judgment against one of the entities subject to the district court's receivership (the "Receivership"). On appeal, Defendants contend that such intervention is impermissible because Johnson's state law claim does not share a question of law or fact with the principal action in the district court.

However, in the interlocutory posture of this appeal, we must consider whether jurisdiction is appropriate at this juncture. For the reasons explained below, we DISMISS for lack of jurisdiction.

No. 25-60169

I.

Before addressing the non-appealability of the present matter, we briefly summarize the nearly two decades of proceedings in both district and state court.

In 2007, James Aldridge, as relator on behalf of the United States, filed a claim against Defendants (and additional parties not subject to this appeal) for violations of the False Claims Act ("FCA"). Eight years later, in 2015, the United States intervened as the plaintiff in Aldridge's case and filed a new complaint. Trial in that action began on January 13, 2020, and judgment was entered on May 10, 2020, holding Defendants jointly and severally liable for over $32 million. Defendants appealed to our court, where our court affirmed the district court's holding in part but ordered the final judgment to be reduced by over half. *See United States ex rel. Aldridge v. Corp. Mgmt., Inc.*, 78 F.4th 727, 747 (5th Cir. 2023); *see also Aldridge on behalf of U.S. v. Corp. Mgmt., Inc.*, No. 22-60264, 2024 WL 983560 (5th Cir. Mar. 7, 2024).

For a number of reasons, which are outside of the scope of the present appeal, the district court instated the Receivership, which was "necessary to control and preserve [Defendants'] Assets and [Defendants'] Entities." On August 16, 2023, the district court entered an order (the "Receivership Order") detailing the Receiver's authority and codifying the district court's supervision of all matters regarding the Receivership, including requiring any disposition of Defendants' assets outside the ordinary course to have express approval of the court. Following Defendants' delay and interference with paying the judgment to the United States, the Receiver filed a Plan of Liquidation to satisfy the judgment on March 22, 2024, which the district court ultimately approved.

Defendants satisfied the nearly $15 million judgment in May of 2024, by way of a loan. On May 20, 2024, the United States filed a Notice of

Case 1:16-cv-00369-HTW-LGI Document 878 Filed 12/29/25 Page 4 of 9
Case: 25-60169 Document: 84-3 Page: 4 Date Filed: 12/29/2025

No. 25-60169

Satisfaction of Judgment, but it acknowledged there were still pending matters before the court. Nevertheless, Defendants attempted to conclude the Receivership, filing a Motion to Terminate and unilaterally removing the Receiver from accessing Defendants' bank accounts. The district court ordered the reinstatement of the Receiver's access on May 22, 2024. And on May 23, 2024, Johnson filed the Motion to Intervene at issue in this appeal. Defendants continued to press for the Receivership to be terminated, despite numerous issues remaining unresolved, now including Johnson's intervention.

Johnson's request to intervene related to separate proceedings in state court, which involved Woodland Village Nursing, LLC ("Woodland Village"), an entity subject to the Receivership. On November 20, 2023, Johnson was awarded a judgment against Woodland Village in the amount of $200,000 for wrongful death of the estate's decedent (the "Johnson Judgment"). By the time Johnson sought to intervene to satisfy the judgment—in May of the following year, 2024—the time for Woodland Village to appeal its adverse state court judgment had run and therefore rendered it a final judgment. In light of the Receivership Order's enjoinment of payments, Johnson had been unsuccessful in executing the judgment in state court. By intervening, Johnson sought "to protect its rights and to enter negotiations with the Receiver in order to resolve the Judgment against Woodland Village."

On June 24, 2024, following a hearing on Johnson's motion and subsequent futile efforts to engage in settlement discussions amongst the parties, Johnson filed a Supplement in Support of his Motion to Intervene and for Summary Judgment. In this new filing, while the intervention question was still pending, Johnson argued that there had been no avenue to execute the Johnson Judgment due to the Receivership Order.

The district court held another hearing on July 29, 2024 to discuss open matters in the case, including the still-pending Johnson Judgment. The

Case 1:16-cv-00369-HTW-LGI   Document 878   Filed 12/29/25   Page 5 of 9
Case: 25-60169   Document: 84-3   Page: 5   Date Filed: 12/29/2025

No. 25-60169

judge instructed the parties to submit briefs to the court for further consideration, and later, on February 18, 2025, the district court held a status conference on the remaining open matters. As Johnson's counsel argued during the status conference, the understanding was that "because of the receivership, [Johnson] does not have the ability to pursue this matter anywhere else but before [the district court]," and counsel renewed the request for the district court to authorize the Receiver to satisfy the Johnson Judgment. Defendants' counsel contended that the question before the court was narrower, focusing first on whether intervention was proper, not the judgment itself yet. But Johnson's counsel asserted that the judgment was concurrently before the court, given Johnson did "not have to intervene for [the Receiver] to direct payments to be made to a judgment debtor." According to Johnson's counsel, the Receiver was authorized to pay the judgment with the court's approval, regardless of whether Johnson intervened.

The district court discussed its ruling on the Johnson Judgment during the status conference, ultimately "ordering Mr. Henderson to take the action that he needs to take in order to satisfy the judgment." Further, the judge requested the Receiver to submit an order for the proposed payment, which the court could take the liberty of adding to or modifying. However, following the status conference, on February 28, 2025, the district court first entered a Text Only Order (the "Text Order") granting Johnson's Motion to Intervene as follows:

> TEXT ONLY ORDER granting 797 the Estate of Robert Johnson's Motion to Intervene. On 2/18/2025, this court orally granted this motion from the bench. This court shall file a comprehensive written order re 813, the Estate's Motion for Summary Judgment. NO FURTHER WRITTEN ORDER SHALL FOLLOW. Signed by District Judge Henry T. Wingate on 2/28/2025 (nd) (Entered: 02/28/2025).

Case: 1:16-cv-00369-HTW-LGI Document 878 Filed 12/29/25 Page 6 of 9
Case: 25-60169 Document: 84-3 Page: 6 Date Filed: 12/29/2025

No. 25-60169

Defendants timely noticed appeal of the Text Order on March 28, 2025. Dkt. No. 848. On the very same day that notice was filed, the district court granted Johnson's motion for summary judgment and ordered the payment of the Johnson Judgment. Dkt. No. 849. Days later, on April 2, 2025, Defendants filed a Motion for Reconsideration of that summary judgment order, which the district court has not yet ruled on.

## II.

"The final judgment rule has been a part of federal appellate review since the First Judiciary Act, which limited appellate review to 'final judgments and decrees.'" *In re 1975-2 Grand Jury Investigation of Associated Milk Producers, Inc.*, 566 F.2d 1293, 1297 (5th Cir. 1978) (quoting Judiciary Act of 1789, 1 Stat. 73, 83–85). As with any appeal before us, our imperative is to confirm our jurisdiction to hear the appeal, in consideration of the final judgment requirement set forth in 28 U.S.C. § 1291. This obligation remains paramount, even when not extensively briefed by the parties.

Appellee Henderson raises the jurisdictional challenge briefly in his jurisdictional statement. Relying on *Edwards v. City of Houston*, 78 F.3d 983, 992 (5th Cir. 1996), Henderson argues that "[o]rders granting intervention are generally not appealable until final judgment, because they do not conclusively determine the parties' rights." Further, Henderson argues that the Text Order does not meet the threshold for a permissible interlocutory appeal, as it failed to grant Johnson substantive relief and did not "resolve the merits" of his claim.

In reply, Defendants assert that we have jurisdiction, citing our court's decision in *Newby v. Enron Corp.*, 443 F.3d 416 (5th Cir. 2006). There, our court held that we can review an order granting intervention if it is "effectively unreviewable on appeal from a final judgment." *Id.* at 420. Defendants focus on the fact that a final judgment was entered on the United States' FCA

No. 25-60169

claims, resolving the principal matter in the action below. Therefore, according to Defendants, there would be no final judgment left to appeal in the present matter, rendering review at this juncture appropriate.

Under Supreme Court and Fifth Circuit caselaw, however, Defendants' argument and characterization of this attempted interlocutory appeal are unavailing.

In *Stringfellow v. Concerned Neighbors in Action*, the Supreme Court considered the reviewability of an intervenor's appeal from a denial of intervention as of right, despite being granted a permissive intervention. 480 U.S. 370, 374 (1987). The Court held that an appealable collateral order must: "'(i) conclusively determine the disputed question'; (ii) 'resolve an important issue completely separate from the merits of the action'; and (iii) 'be effectively unreviewable on appeal from a final judgment.'" *Id.* at 375 (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978)). Because the *Stringfellow* intervenor had instead been granted a permissive intervention and would therefore be able to obtain review on appeal from a final judgment, the Court held it could not "conclude that [the intervenor's] interests [would] be 'irretrievably lost in the absence of an immediate appeal.'" *Id.* at 376 (quoting *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 431 (1985)).

Our court has long held that an "order allowing intervention is interlocutory and may not be appealed immediately." *In re Estelle*, 516 F.2d 480, 484 (5th Cir. 1975), *cert. denied*, 426 U.S. 925 (1976). More specifically, our court has recognized that we do not have jurisdiction over interlocutory appeals "even from fully consummated decisions, where they are but steps towards final judgment in which they will merge." *Associated Milk Producers, Inc.*, 566 F.2d at 1298. Thus, the pertinent inquiry is whether the appealed order on intervention is merely a step toward a final merits judgment regarding Johnson's claim.

Case 1:16-cv-00369-HTW-LGI   Document 878   Filed 12/29/25   Page 8 of 9
Case: 25-60169    Document: 84-3    Page: 8    Date Filed: 12/29/2025

No. 25-60169

*Newby*, Defendants' primary citation, is consistent with these longstanding precedents. There, our court recognized that "ordinarily, a grant of intervention is only one step along the path to reaching a final judgment on the intervenor's claim." 443 F.3d at 420 (citing *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949)); *see also Cohen*, 337 U.S. at 546 (holding that Section 1291 disallows appeals "where they are but steps towards final judgment in which they will merge"). When this is the case, "the grant of intervention is most appropriately and efficiently appealed along with any final judgment rendered on the intervenor's claims." *Newby*, 443 F.3d at 420. Defendants cite to *Newby* because our court ultimately determined that the question of intervention there was "plainly independent from the underlying case." *Id.* But this determination is case- and fact-specific. The intervenor in *Newby* merely sought to intervene to access discovery that was under a protective order and, as such, our court found that "no final judgment on any claim by the [intervenor] will ever be had in the action," thus rendering the question of intervention justiciable on appeal. *Id.*

Johnson's intervention presents a different scenario altogether, resulting in our finding of non-appealability. Here, intervention was for the purpose of filing a motion for summary judgment such that the district court, in its capacity overseeing the Receivership, could consider whether Defendants had to pay the Johnson Judgment. As evidenced in the district court's hearings on the matter, there are additional questions for consideration when reviewing the merits of Johnson's request, including the scope of the Receivership and the manner of satisfying the judgment. Intervention, therefore, was

No. 25-60169

merely a step towards final judgment. Unlike *Newby*, a separate final judgment will issue here,[1] and Defendants' appeal is premature at this stage.

Moreover, while Defendants interpret *final judgment* to exclusively mean the final judgment in the principal action, this misunderstands binding precedent. As the Supreme Court acknowledged in *Stringfellow*, the relevant scope of final judgments with respect to an intervenor is in relation to the intervenor's claims. *See Stringfellow*, 480 U.S. at 376 (recognizing an intervenor may appeal from "all interlocutory and final orders that affect him whether the right under which he intervened was originally absolute or discretionary" (alteration adopted) (quoting 3B J. Moore & J. Kennedy, Moore's Federal Practice ¶ 24.15, at 24-169 to -170 (2d ed. 1985))); *see also Newby*, 443 F.3d at 420 (describing intervention as ordinarily "one step along the path to reaching a *final judgment on the intervenor's claim*" (emphasis added)). Despite the district court's preview both during the status conference and in its Text Order of its forthcoming decision on summary judgment, Defendants preemptively appealed before receiving the order on the Johnson Judgment. Our jurisdiction does not reach so far as to encompass interlocutory appeals such as this.

* * *

Accordingly, we DISMISS this appeal for lack of jurisdiction.

---

[1] Indeed, as noted in Part I, an order on Johnson's Motion for Summary Judgment was entered by the district court but not resolved with finality because of Defendants' pending Motion for Reconsideration.