**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| JAMES ALRIDGE, RELATOR, | ) | |
| on behalf of UNITED STATES | ) | |
| OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | 1:16-cv-369-HTW-LGI (FCA Action) |
| | ) | |
| CORPORATE MANAGEMENT, | ) | Related Cases: |
| INC., et al., | ) | 1:20-CV-321–HTW–MTP (consolidated) |
| | ) | 1:22-CV-11-HTW-BWR (consolidated) |
| Defendants. | ) | |

---

**ORDER DENYING RECEIVER'S MOTION TO SET BARTON MOTION DEADLINE**

---

THIS MATTER COMES before the Court upon Motion to Set Barton Motion Deadline filed by Derek A. Henderson, the duly appointed Receiver for Ted Cain and related  Cain Entities[1] (Docket No. 885) and Response filed thereto by the Cain Defendants (Docket No. 889). The matter was presented to the Court on March 24, 2026. The Court finds as follows:

---

[1] The "Cain Entities" shall include, but not necessarily limited to, Harold T. (Ted) Cain, Julie P. Cain; HTC Enterprises, LLC; HTC Elite, L.P. doing business as MxV; Evan Trace Cain GST Trust; Logan Patrick Cain GST Trust; and Lucinda K. Sloan, in her capacity as trustee; Woodland Village Nursing Center, LLC; Diamond Head Nursing Facility, LLC; Wiggins Nursing Home, LLC; Stone County Nursing and Rehabilitation Center, Inc; Leakesville Rehabilitation & Nursing Center, Inc.; Quest Pharmacy, Inc.; Focus Group, Inc.; Melody Manor Convalescent Center, Inc.; Harrison County Commercial Lot, LLC; West Pine Avenue Property, LLC; George County Commercial Lot, LLC; Cain Cattle Company, Inc.; Wiggins Acute Care Hospital, LLC; Poplarville Office Building, LLC; HR Properties, LLC; East Pine Avenue Property, LLC; River Lots, LLC; Diamondhead Commercial Land, LLC; Highway 49 Commercial Property, LLC; Stone County Commercial  Lot, LLC; H & J Ranch, LLC; Wiggins Farm Property, LLC; Intrinsic Media, LLC; HTC Healthcare, LLC; HTC Elite LP II; Corporate Management Inc. (CMI); Stone County Hospital. As defined by the prior Order (Docket No. 675), these entities shall include personal and joint family assets, and all entities owned, controlled and/or managed by Ted Cain in whole or in part, directly or indirectly.

1.

Derek A. Henderson is the duly appointed Receiver of the Cain Entities. The Court entered two (2) Orders related to the Receiver - (i) Order Appointing Derek A. Henderson as Receiver was entered by the Court on July 25, 2023 ("Receiver Order") (Docket No. 675), and (ii) Supplemental Order Regarding Receiver Powers and Other Relief entered by the Court on August 16, 2023 ("Receivership Order") (Docket No. 685).

2.

The Receivership Order provides as follows:

"The Receiver has a fiduciary duty to the Court...."

(Paragraph 23, Page 7)

"The following shall constitute a "Receivership Termination": the Court enters an order terminating this receivership."

(Paragraph 36, Page 10-11)

"In the event of a Receivership Termination, (i) the receivership established by this Order shall immediately terminate, (ii) Receiver shall be relieved from any further obligation with respect to the Cain Assets, save and except for the obligation to file a Final Report and otherwise wind up the affairs of the receivership estate, (iii) Receiver's authority to manage, maintain, and control the Cain Assets shall immediately terminate, except as necessary to wind up the affairs of the receivership estate; and (iv) possession of the Cain Assets shall be relinquished to the then owner(s) of the Cain Assets, with the limited exception that cash in the possession of Receiver, if any, shall be used to pay Receiver's outstanding fees and expenses, including Receiver's fees and expenses for preparing and filing a Final Report, and all other Receivership Expenses, and any cash remaining thereafter shall be remitted into the registry of the Court for disposition in accordance with the order of this Court."

(Paragraph 37, Page 11) (emphasis added)

"Provided that Receiver shall have timely filed and served its Final Report, and no objections to the Final Report shall have been filed within fifteen (15) days of the filing of such Final Report, then the Final Report shall be deemed approved and Receiver shall be fully and forever released and discharged from any and all

liability as Receiver of Ted Cain and the Cain Entities and the Cain Assets, which said release and discharge shall include, without limitation, any and all claims, cross-claims, counterclaims, causes, damages and actions of every kind and character, and all suits, costs, damages, expenses, compensation and liabilities of every kind, character and description, whether direct or indirect, known or unknown, disclosed or hidden, in law or in equity, which anyone has or will have against the Receiver, in his capacity as Receiver, and or any of Receiver's agents, representatives, officers, attorneys, professionals, employees or contractors, on account of, arising, or resulting from, or in any manner incidental to, the receivership, the Cain Assets, Receiver's possession or use of Ted Cain and the Cain Entities  and the Cain Assets, the administration of the receivership estate, or any acts or omissions of Receiver in his capacity as Receiver."

(Paragraph 39, Page 11-12) (emphasis added)

"This Court has the authority under Rule 66, 28 U.S.C. §3103, and its inherent equitable powers to appoint a receiver and grant other relief necessary and appropriate to ensure the preservation and protection of and to stem the dissipation of Ted Cain's Assets and the Ted Cain Entities (collectively 'Cain Assets')."

(Paragraph 2, Page 2) (emphasis added)

"The Court shall retain jurisdiction, power and supervision of all matters concerning Receiver and the receivership."

(Paragraph 40, Page 12) (emphasis added)

"Receiver and any party may seek instructions and additional authority from the Court upon written notice to all parties."

(Paragraph 41, Page 12)

3.

The terms and provisions of the Receivership Order were presented to the District Court and the parties, including Cain Entities and their attorney(s), before being reviewed at a hearing. After discussions, the Receivership Order was entered by the Court.[2]

---

[2] The Receivership Order is final and, therefore, is not appealable. Cain APPEALED both the Receivership Order and the Appointment Order (Docket No. 693); however, he abandoned the Appeal, making the Appointment Order, both Final and Non-appealable. Case No. 23-60508 (dismissed by Cain's own motion). On September 22,

4.

The Receivership Order has contemplated the Court's post-judgment administration and the final orderly wind-up. This is consistent with case law allowing receivership to continue to complete tasks. *See SEC v. Spence & Green Chem. Co.*, 612 F.2d 896, 904 (5th Cir. 1980); *SEC v. Safety Fin. Serv., Inc.*, 674 F.2d 368, 372-373; *SEC v. Stanford Int'l Bank, Ltd.*, 927 F.3d 830, 840 (5th Cir. 2019).

5.

And, "Once assets have been placed in receivership, 'i[t] is a recognized principle of law that the district court has broad powers and wide discretion to determine the appropriate relief in an equity receivership.' *Safety Fin.*, 674 f.2d at 372-73 (citations omitted)." This discretion derives not only from the statutory grant of power, but also the court's equitable power to fashion appropriate remedies as "ancillary relief" measures. *See SEC v. Wencke*, 622 F.2d 1363, 1369 (9th Cir. 1980). One clear principle emerges from cases dealing with a district court's supervision and administration of an equity receivership: "**[T]he district court has broad powers and wide discretion to determine the appropriate relief in an equity receivership**." *Safety Fin.*, 674 F.2d at 372-73) (emphasis added).

6.

A key point and a matter that is extremely important to the Receiver is the discharge and

---

2023, the Cain Defendants filed a Notice of Appeal to the Untied States Court of Appeals for the Fifth Circuit (Docket No. 693) appealing both the Receiver Order and the Supplement Receivership Order. The Fifth Circuit assigned the appeal Case No. 23-60508. Appeals may be taken from the order pursuant to 28 U.S.C. §1292(a)(2). Thereafter, on January 30, 2024, the Cain Defendants filed a Motion to Withdraw Appeal (Docket No. 49 / 5th Circuit) and the Clerk entered its Order dismissing the Appeal (Docket No. 50 / 5th Circuit). Thus, the Cain Defendants voluntarily elected to waive the right to contest and appeal the Receiver Order and the Receivership Order. The Cain Defendants' decision allowed the Orders to become final and in full force and effect for the administration of the receivership estate.

release granted by the Receivership Order upon the termination of the receivership. "The receiver is not an agent of the parties, nor is he like any other party affected by the wrongdoing of the entity's leaders ... He is "an officer or arm of the court ... appointed to assist the court in protecting and preserving, for the benefit of all parties concerned, the properties in the court's custody[.]" *Zacarias v. Stanford Inter'l Bank, Ltd.*, 945 F.3d 883 (5th Cir. 2019) (citations omitted). In addition to the release provisions previously granted to the Receiver in the Receivership Order, Receivers already have qualified immunity from personal liability for actions that are taken with their receivership authority. *See Morrison–Knudsen Co. v. CHG Int'l*, 811 F.2d 1209, 1222 (9th Cir.1987). Cain has made indications that he may assert claims or causes of action against the Receiver. The Receiver understands that Cain now wants to dispute the release terms of Receivership Order from August 2023. That being the case, this issue will have to be considered by this Court. Cain has proven his litigious and vindictive nature, and the Receiver does not want to release all control and funds to then thereafter have to continue in litigation with Cain.

7.

The release and discharge are consistent with case law. The actions taken by the court-appointed Receiver on this matter have been authorized by the Court. The Fifth Circuit has stated that "**Court appointed receivers act as arms of the court and are entitled to share the appointing judge's absolute immunity provided that the challenged actions are taken in good faith and within the scope of the authority granted to the receiver**." *National Business Consultants, Inc. v. Lightfoot*, 292 Fed. Appx. 298, 300 (5th Cir. 2008) (emphasis added) (citing

Page 5

*Davis v. Bayless*, 70 F.3d 367, 373 (5ᵗʰ Cir. 1995)).[3]

8.

Further, *Carter v. Rodgers*, 220 F.3d 1249 (11ᵗʰ Cir. 2000) is very instructive on the

Receiver's immunity. *Carter* included a chapter 7 trustee's sell of property pursuant to court

approval. Sales were made to insiders. A complaint was filed against the Trustee. The Court of

Appeals explained that -

> "A.  The *Barton* Doctrine
> [2]     This case presents an issue of first impression in this circuit
> regarding whether a debtor first must obtain leave from the bankruptcy court
> before it can initiate an action in the district court when that action is against the
> trustee or other bankruptcy-court-appointed officer, for acts done in the actor's
> official capacity. Joining the other circuits that have considered this issue, we
> hold that a debtor must obtain leave of the bankruptcy court before initiating an
> action in district court when that action is against the trustee or other
> bankruptcy-court-appointed officer,[footnote omitted] for acts done in the actor's
> official capacity. *See Springer v. Infinity Group Co.*, No. 98-5182, 189 F.3d 478
> (10th Cir. Aug.26, 1999) (unpublished table decision), *cert. denied*, 529 U.S.
> 1020, 120 S.Ct. 1422, 146 L.Ed.2d 314 (2000); *Gordon v. Nick*, No. 96-1858, 162
> F.3d 1155 (4th Cir. Sept.2, 1998) (unpublished table decision); *In re Linton*, 136
> F.3d 544, 546 (7th Cir.1998); *Lebovits v. Scheffel (In re Lehal Realty Assocs.)*,
> 101 F.3d 272 (2d Cir.1996); *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991
> F.2d 1236, 1240 (6th Cir.1993); *Vass v. Conron Bros. Co.*, 59 F.2d 969, 970 (2d
> Cir.1932); *Kashani v. Fulton (In re Kashani )*, 190 B.R. 875, 885 (9th Cir.BAP
> 1995).
>
> 'An unbroken line of cases ... has imposed [this] requirement as a matter of
> federal common law.' *Linton*, 136 F.3d at 545. In so holding, these circuit courts
> have applied the rule referred to as the "*Barton* doctrine." *See id.* **The Supreme**
> **Court in *Barton v. Barbour*, 104 U.S. 126, 127, 26 L.Ed. 672 (1881), stated**
> **that '[i]t is a general rule that before suit is brought against a receiver[,]**
> **leave of the court by which he was appointed must be obtained**.' *Barton*
> involved a receiver in state court, but the circuit courts have extended the *Barton*
> doctrine to lawsuits against a bankruptcy trustee."

---

[3] *Davis v. Bayless* cites the following cases as support - *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1303 (9ᵗʰ Cir. 1989); *Property Management & Investments, Inc. v. Lewis*, 752 F.2d 599, 602-03 (11ᵗʰ Cir. 1985); *T&W Investment Co. v. Kurtz*, 588 F.2d 801, 802 (10ᵗʰ Cir. 1978); *Kermit Contr. v. Banco Credito Y Ahorro Ponceno*, 547 F.2d 1, 3 (1ˢᵗ Cir. 1976); *Bradford Audio Corp. v. Pious*, 392 F.2d 67, 72 (2d Cir. 1968); *Boullion v. McClanahan*, 639 F.2d 213 (5ᵗʰ Cir. 1981).

*Id.* at 1252 (emphasis added).

Thus, any claims by Cain Defendants against the Receiver would <u>only</u> be initiated after leave of court which is consistent with an Order terminating the receivership providing that the Court retain jurisdiction, power and supervision of all matters concerning the Receiver and the Receivership.[4] In short, the Receiver requested that if Cain has a claim against him, that he should bring it now and let the Court consider the matter. At the hearing nothing was presented to the Court that would subject the Receiver to liability either under a Barton Motion or 28 U.S.C. §959. The Cain Defendants represented that they are not aware of any current claims against the Receiver. And, the Court sees nothing in the Receiver's actions that would form a predicate for a claim of liability. Therefore, the Receiver is entitled to his release.

9.

Cain has made indications that he may assert claims or causes of action against the Receiver. In response, the Receiver filed his Motion to Set Barton Motion Deadline. Cain Defendants filed their Response.

10.

The court considered the Motion and Response at hearing on March 24, 2026. The Receiver's Motion for Termination of Receivership (Docket No. 843) and Supporting Memorandum (Docket No. 844) were also considered as that time.  A separate order is being entered by the Court resolving the Motion to Terminate the Receivership.

---

[4] For further clarification of 28 U.S.C. §959, the "carrying on business" exception to seeking leave is limited. The provision is intended to "permit actions redressing torts committed in the furtherance of the debtor's business, such as common situation of a negligence claim in a slip and fall case where a bankruptcy trustee, for example, conducted a retail store." (*Carter v. Rodgers* at 1254 citing *Lehal Realty Assocs.*, 101 F.3d at 276). The exception does not apply to claims for administering or liquidating an estate.

Ruling

Based upon the arguments presented at hearing and the Court's rulings on other related matters including the Receiver's Motion to Terminate Receivership, the Court finds that there is no need to address Barton Motions at this time.

THEREFORE, IT IS ORDERED that the Receiver's Motion to Set Barton Motion Deadline is hereby denied without prejudice.

SO ORDERED, this the 15th day of June, 2026.

/s/Henry T. Wingate
U.S. District Court Judge