**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JAMES ALRIDGE, RELATOR,** | ) | |
| **on behalf of UNITED STATES** | ) | |
| **OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO.** |
| | ) | **1:16-cv-369-HTW-LGI (FCA Action)** |
| | ) | |
| **CORPORATE MANAGEMENT,** | ) | **Related Cases:** |
| **INC., et al.,** | ) | **1:20-CV-321–HTW–MTP (consolidated)** |
| | ) | **1:22-CV-11-HTW-BWR (consolidated)** |
| **Defendants.** | ) | |

**ORDER AND RULING GRANTING RECEIVER'S MOTION**
**TO TERMINATE RECEIVERSHIP**
**(Docket No. 843)**

THIS MATTER COMES before the Court upon Receiver's Motion to Terminate (Docket No. 843) and Supporting Memorandum (Docket No. 844). No written objection was filed. The matter was presented to the Court on March 24, 2026. The Court finds as follows:

1.

The history of the pleadings related to the termination of the receivership includes -

      A.    *Cain Defendants Motion*

05/01/24     Motion to Terminate Receivership filed by Cain Defendants (Docket No. 777)

05/02/24     Receiver's Request for Status Conference (Docket No. 778) [included Cain's Motion to Terminate Receivership]

05/13/24     Receiver's Response to Motion to Terminate Receivership (Docket No. 783)

06/24/24     Order Denying Motion to Terminate Receivership ***without prejudice*** (Docket No. 810)

07/24/24     Motion to Reconsider Order filed by Cain Defendants (Docket No. 819)

08/02/24    Receiver's Response to Motion to Reconsider (Docket No. 822)

02/28/25    TEXT ONLY ORDER. Order denying Motion to Reconsider. The Parties may re-urge the Motion to Terminate.

03/28/25    Notice of Appeal filed by Cain Defendants (Docket No. 847)

04/09/25    Fifth Circuit Court of Appeals assigns Case No. 25-60168

          B.    *Receiver's Motion*

03/20/25    Receiver's Motion to Terminate Receivership (Docket No. 843) and Memorandum in Support (Docket No. 844)

2.

Now that the Fifth Circuit Court of Appeals has affirmed the Court's prior orders, the Court considers the Receiver's Motion to Terminate Receivership.

3.

Derek A. Henderson is the duly appointed Receiver of the Cain Entities. The Court has entered two (2) Orders related to the Receiver - (i) Order Appointing Derek A. Henderson as Receiver was entered by the Court on July 25, 2023 (Docket No. 675) and (ii) a supplemental Order Regarding Receiver Powers and Other Relief entered by the Court on August 16, 2023 ("Receivership Order") (Docket No. 685).

4.

The Receivership Order provides as follows:

"The following shall constitute a "Receivership Termination": the Court enters an order terminating this receivership."

(Paragraph 36, Page 10-11)

"In the event of a Receivership Termination, (i) the receivership established by this Order shall immediately terminate, (ii) Receiver shall be relieved from any further obligation with respect to the Cain Assets, save and except for the obligation to file a Final Report and otherwise wind up the affairs of the receivership estate, (iii)

Receiver's authority to manage, maintain, and control the Cain Assets shall immediately terminate, except as necessary to wind up the affairs of the receivership estate; and (iv) possession of the Cain Assets shall be relinquished to the then owner(s) of the Cain Assets, with the limited exception that cash in the possession of Receiver, if any, shall be used to pay Receiver's outstanding fees and expenses, including Receiver's fees and expenses for preparing and filing a Final Report, and all other Receivership Expenses, and any cash remaining thereafter shall be remitted into the registry of the Court for disposition in accordance with the order of this Court."

(Paragraph 37, Page 11)

"Receiver shall make a final accounting of all revenues collected and all expenses paid upon resignation or termination of the Receiver or termination of the receivership (a "Final Report") and shall file said Final Report with the Court and serve a copy of said Final Report on all parties within forty-five (45) days of Receiver's filing of a Resignation Notice (as hereinafter defined), or the filing of a Receiver Termination Petition (as hereinafter defined), as applicable."

(Paragraph 38, Page 11)

"Provided that Receiver shall have timely filed and served its Final Report, and no objections to the Final Report shall have been filed within fifteen (15) days of the filing of such Final Report, then the Final Report shall be deemed approved and Receiver shall be fully and forever released and discharged from any and all liability as Receiver of Ted Cain and the Cain Entities and the Cain Assets, which said release and discharge shall include, without limitation, any and all claims, cross-claims, counterclaims, causes, damages and actions of every kind and character, and all suits, costs, damages, expenses, compensation and liabilities of every kind, character and description, whether direct or indirect, known or unknown, disclosed or hidden, in law or in equity, which anyone has or will have against the Receiver, in his capacity as Receiver, and or any of Receiver's agents, representatives, officers, attorneys, professionals, employees or contractors, on account of, arising, or resulting from, or in any manner incidental to, the receivership, the Cain Assets, Receiver's possession or use of Ted Cain and the Cain Entities and the Cain Assets, the administration of the receivership estate, or any acts or omissions of Receiver in his capacity as Receiver."

(Paragraph 39, Page 11-12)

"The Court shall retain jurisdiction, power and supervision of all matters concerning Receiver and the receivership."

(Paragraph 40, Page 12)

"Receiver and any party may seek instructions and additional authority from the Court upon written notice to all parties."

(Paragraph 41, Page 12)

5.

The matters of the Receivership have wound down. The last matters to be resolved are (i) the Johnson Estate claim, (ii) the Receiver's fees, expenses, and compensation, and (iii) the Order terminating the receivership with a release to the Receiver. Each of these matters was presented to the Court at hearing.

6.

The history of the pleadings related to the Estate of Robert Johnson includes -

05/23/24    Estate of Robert Johnson Motion to Intervene (Docket No. 797)

06/04/24    Response to motion to Intervene by Cain Defendants (Docket No. 802)

06/10/24    Rebuttal to Response by Johnson (Docket No. 803)

06/24/24    Motion for Summary Judgment by Johnson (Docket No. 813)

07/08/24    Response to Motion to Intervene by Cain Defendants (Docket No. 816)
[this is 2nd Response]

07/23/24    Response to Motion to Intervene by Receiver (Docket No. 818)

07/29/24    Minute Entry / Order Parties to submit Findings of Fact and Conclusions of Law on Motion to Intervene by August 12, 2024

08/12/24    Parties send submissions to the Court

02/29/25    TEXT ONLY ORDER. Court grants Motion to Intervene. Court to file written Order on Motion for Summary Judgment.

03/28/25    Notice of appeal of TEXT ORDER filed by Cain Defendants (Docket No. 848)

03/28/25    Order Regarding the Claims of the Estate of Robert Johnson (Docket No. 849). Grants Motion for Summary Judgment.

04/02/25        Motion to Reconsider Order (Docket No. 849) Regarding the Claim of the Estate of Robert Johnson (Summary Judgment / Intervention) filed by Cain Defendants (Docket No. 851)

04/09/25        Fifth Circuit Court of Appeals assigns Case No. 25-60169

04/10/25        Response to Motion to Reconsider Order filed by Receiver (Docket No. 855)

04/14/25        Joinder to Receiver's Response to Motion to Reconsider filed by Johnson (Docket No. 869)

04/15/25        Reply to Receiver's Response filed by Cain Defendants (Docket No. 870)

12/04/25        Fifth Circuit Court of Appeals Ruling to Dismiss Appeal - Interlocutory and Lack of Jurisdiction (Docket No. 878) [filed in District Court on 12/29/25]

The Fifth Circuit Court of Appeals dismissed the appeal on March 24, 2026, the Court

considered the remaining pleadings including -

04/02/25        Motion to Reconsider Order (Docket No. 849) Regarding the Claim of the Estate of Robert Johnson (Summary Judgment / Intervention) filed by Cain Defendants (Docket No. 851)

04/10/25        Response to Motion to Reconsider Order filed by Receiver (Docket No. 855)

04/14/25        Joinder to Receiver's Response to Motion to Reconsider filed by Johnson (Docket No. 869)

04/15/25        Reply to Receiver's Response filed by Cain Defendants (Docket No. 870)

The Cain Defendants requested the Court to reconsider its Order Regarding the Claim of the

Estate of Robert Johnson (Docket No. 849). The Court's ruling by this Order was as follows:

"Ruling

The Johnson Judgment is a valid, enforceable claim. The injury for the Johnson claim occurred August 27, 2017 and the lawsuit was filed August 26, 2019. The Lease Agreement with Memorial and the creation of the allocation of lease payments between the lessors was done on September 16, 2019. Therefore, for over five (5) years while the Johnson claim was filed and pending, all lease payments have gone to Diamondhead Nursing and no funds to Woodland Village. This allocation was controlled by Ted Cain. And, according to Johnson's counsel, Ted Cain failed to disclose the lease or the payment information when required during arbitration

proceedings.

Johnson's Motion to Intervene and for Summary Judgment [ECF No. 813], therefore, is GRANTED. Since the Cain Defendants are pressing to conclude the Receivership as soon as possible[1] all parties including Cain, Johnson and the Receiver are ORDERED to transfer $200,000.00 of the funds that Diamondhead Nursing has accumulated in its account over the life of the lease to the Woodland Village account. Once the transferred funds are available, the Receiver is directed and authorized to pay $200,000.00 to the Robert Johnson Estate in full satisfaction of the Johnson claim. Upon payment, Johnson shall execute a satisfaction and cancellation of Judgment."

(Order, Docket No. 849, Page 13-14)

The Motion to Reconsider has been denied by separate Court order. The $200,000.00 is currently held in a Woodland Village bank account and frozen by the Receiver. The funds are to be transferred to the Receiver's law firm trust account.

7.

Receiver's Fees, Expenses and Compensation

The Receivership Order provides that at termination "(iv) possession of the Cain Assets shall be relinquished to the then owner(s) of the Cain Assets, with the limited exception that cash in the possession of Receivers, if any, shall be used to pay Receiver's outstanding fees and expenses, including Receiver's fees and expenses for preparing and filing a final report and all other Receivership Expenses, ..." (Paragraph 37, Page 11).

The Receiver has a pending Application for Approval of Fees (Docket No. 881). The fees have not been paid and will only be paid if approved by the Court. The Receiver will continue to incur fees and expenses until all matters are resolved and is authorized to hold funds for payment.

The Receivership Order provides that "Receiver shall be entitled to receive compensation

---

[1] This Court could apply the 18.94% to the current cash balance and monthly payments going forward. As set forth earlier herein, that remedy would generate about $90,728.75 but this course would require additional four (4) months of reallocation of payments which in turn leaves the Receivership active for an additional time to complete the process.

in the amount of $400 per hour plus expenses and as set forth under 28 U.S.C. §3103(g)..."

(Paragraph 7, Page 3). 28 U.S.C. §3103(g)(1) provides that - "A receiver is entitled to such commissions, not exceeding 5 percent of the sums received and disbursed by him, as the court allows unless the court otherwise directs." Thus, subject to this Court's direction and approval, the Receiver may also be entitled to up to 5% of disbursements as authorized by statute. As consideration for having this Receivership completed and terminated with a release and discharge, the Receiver's current proposal is to waive the request for additional commissions.

8.

Release and Discharge

The Receivership Order provides as follows:

"The Receiver has a fiduciary duty to the Court...."

(Paragraph 23, Page 7)

"The following shall constitute a "Receivership Termination": the Court enters an order terminating this receivership."

(Paragraph 36, Page 10-11)

"Provided that Receiver shall have timely filed and served its Final Report, and no objections to the Final Report shall have been filed within fifteen (15) days of the filing of such Final Report, then the Final Report shall be deemed approved and Receiver shall be fully and forever released and discharged from any and all liability as Receiver of Ted Cain and the Cain Entities and the Cain Assets, which said release and discharge shall include, without limitation, any and all claims, cross-claims, counterclaims, causes, damages and actions of every kind and character, and all suits, costs, damages, expenses, compensation and liabilities of every kind, character and description, whether direct or indirect, known or unknown, disclosed or hidden, in law or in equity, which anyone has or will have against the Receiver, in his capacity as Receiver, and or any of Receiver's agents, representatives, officers, attorneys, professionals, employees or contractors, on account of, arising, or resulting from, or in any manner incidental to, the receivership, the Cain Assets, Receiver's possession or use of Ted Cain and the Cain Entities and the Cain Assets, the administration of the receivership estate, or any acts or omissions of Receiver in his capacity as Receiver."

(Paragraph 39, Page 11-12) (emphasis added)

> "This Court has the authority under Rule 66, 28 U.S.C. §3103, <u>and its inherent equitable powers to appoint a receiver and grant other relief necessary and appropriate</u> to ensure the preservation and protection of and to stem the dissipation of Ted Cain's Assets and the Ted Cain Entities (collectively 'Cain Assets').

(Paragraph 2, Page 2) (emphasis added)

> "<u>The Court shall retain jurisdiction, power and supervision of all matters concerning Receiver and the receivership</u>."

(Paragraph 40, Page 12) (emphasis added)

> "Receiver and any party may seek instructions and additional authority from the Court upon written notice to all parties."

(Paragraph 41, Page 12)

The terms and provisions of the Receivership Order were presented to the District Court and the parties, including Cain Entities and their attorney(s), before being reviewed at a hearing. After discussions, the Receivership Order was entered by the Court.[2]

The Receivership Order contemplated the Court's post-judgment administration and the final orderly wind-up. This is consistent with case law allowing receivership to continue to complete tasks. *See SEC v. Spence & Green Chem. Co.*, 612 F.2d 896, 904 (5th Cir. 1980); *SEC v. Safety Fin. Serv., Inc.*, 674 F.2d 368, 372-373; *SEC v. Stanford Int'l Bank, Ltd.*, 927 F.3d 830, 840 (5th Cir. 2019).

---

[2] The Receivership Order is final and, therefore, is not appealable. Cain APPEALED both the Receivership Order and the Appointment Order (Docket No. 693); however, he abandoned the Appeal, making the Appointment Order, both Final and Non-appealable. Case No. 23-60508 (dismissed by Cain's own motion). On September 22, 2023, the Cain Defendants filed a Notice of Appeal to the Untied States Court of Appeals for the Fifth Circuit (Docket No. 693) appealing both the Receiver Order and the Supplement Receivership Order. The Fifth Circuit assigned the appeal Case No. 23-60508. Appeals may be taken from the order pursuant to 28 U.S.C. §1292(a)(2). Thereafter, on January 30, 2024, the Cain Defendants filed a Motion to Withdraw Appeal (Docket No. 49 / 5th Circuit) and the Clerk entered its Order dismissing the Appeal (Docket No. 50 / 5th Circuit). Thus, the Cain Defendants voluntarily elected to waive the right to contest and appeal the Receiver Order and the Receivership Order. The Cain Defendants' decision allowed the Orders to become final and in full force and effect for the administration of the receivership.

And, "Once assets have been placed in receivership, 'i[t] is a recognized principle of law that the district court has broad powers and wide discretion to determine the appropriate relief in an equity receivership.' *Safety Fin*., 674 f.2d at 372-73 (citations omitted)." This discretion derives not only from the statutory grant of power, but also the court's equitable power to fashion appropriate remedies as "ancillary relief" measures. *See SEC v. Wencke*, 622 F.2d 1363, 1369 (9th Cir. 1980). One clear principle emerges from cases dealing with a district court's supervision and administration of an equity receivership: "**[T]he district court has broad powers and wide discretion to determine the appropriate relief in an equity receivership**." *Safety Fin.*, 674 F.2d at 372-73) (emphasis added).

A key point and a matter that is extremely important to the Receiver is the discharge and release granted by the Receivership Order upon the termination of the receivership. "The receiver is not an agent of the parties, nor is he like any other party affected by the wrongdoing of the entity's leaders ... He is "an officer or arm of the court ... appointed to assist the court in protecting and preserving, for the benefit of all parties concerned, the properties in the court's custody[.]" *Zacarias v. Stanford Inter'l Bank, Ltd.*, 945 F.3d 883 (5th Cir. 2019) (citations omitted). Cain now disputes the release terms of Receivership Order from August 2023. That being the case, this issue will have to be considered by the District Court. Cain has proven his litigious and vindictive nature, and the Receiver does not want to release all control and funds to then thereafter have to continue in litigation with Cain.

The release and discharge are consistent with case law. The actions taken by the court-

appointed Receiver on this matter have been authorized by the Court. The Fifth Circuit has stated

that "**Court appointed receivers act as arms of the court and are entitled to share the**

**appointing judge's absolute immunity provided that the challenged actions are taken in good**

**faith and within the scope of the authority granted to the receiver**." *National Business*

*Consultants, Inc. v. Lightfoot*, 292 Fed. Appx. 298, 300 (5th Cir. 2008) (emphasis added) (citing

*Davis v. Bayless*, 70 F.3d 367, 373 (5th Cir. 1995)).[3]

Further, *Carter v. Rodgers*, 220 F.3d 1249 (11th Cir. 2000) is very instructive on the

Receiver's immunity. *Carter* included a chapter 7 trustee's sell of property pursuant to court

approval. Sales were made to insiders. A complaint was filed against the Trustee. The Court of

Appeals explained that -

> "A.  The *Barton* Doctrine
>
> [2]  This case presents an issue of first impression in this circuit regarding whether a debtor first must obtain leave from the bankruptcy court before it can initiate an action in the district court when that action is against the trustee or other bankruptcy-court-appointed officer, for acts done in the actor's official capacity. Joining the other circuits that have considered this issue, we hold that a debtor must obtain leave of the bankruptcy court before initiating an action in district court when that action is against the trustee or other bankruptcy-court-appointed officer,[footnote omitted] for acts done in the actor's official capacity. *See Springer v. Infinity Group Co.*, No. 98-5182, 189 F.3d 478 (10th Cir. Aug.26, 1999) (unpublished table decision), *cert. denied*, 529 U.S. 1020, 120 S.Ct. 1422, 146 L.Ed.2d 314 (2000); *Gordon v. Nick*, No. 96-1858, 162 F.3d 1155 (4th Cir. Sept.2, 1998) (unpublished table decision); *In re Linton*, 136 F.3d 544, 546 (7th Cir.1998); *Lebovits v. Scheffel (In re Lehal Realty Assocs.)*, 101 F.3d 272 (2d Cir.1996); *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir.1993); *Vass v. Conron Bros. Co.*, 59 F.2d 969, 970 (2d Cir.1932); *Kashani v. Fulton (In re Kashani )*, 190 B.R. 875, 885 (9th Cir.BAP 1995).
>
> 'An unbroken line of cases ... has imposed [this] requirement as a matter of federal

---

[3] *Davis v. Bayless* cites the following cases as support - *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1303 (9th Cir. 1989); *Property Management & Investments, Inc. v. Lewis*, 752 F.2d 599, 602-03 (11th Cir. 1985); *T&W Investment Co. v. Kurtz*, 588 F.2d 801, 802 (10th Cir. 1978); *Kermit Contr. v. Banco Credito Y Ahorro Ponceno*, 547 F.2d 1, 3 (1st Cir. 1976); *Bradford Audio Corp. v. Pious*, 392 F.2d 67, 72 (2d Cir. 1968); *Boullion v. McClanahan*, 639 F.2d 213 (5th Cir. 1981).

common law.' *Linton*, 136 F.3d at 545. In so holding, these circuit courts have applied the rule referred to as the "*Barton* doctrine." *See id.* **The Supreme Court in** ***Barton v. Barbour*, 104 U.S. 126, 127, 26 L.Ed. 672 (1881), stated that '[i]t is a general rule that before suit is brought against a receiver[,] leave of the court by which he was appointed must be obtained**.' *Barton* involved a receiver in state court, but the circuit courts have extended the *Barton* doctrine to lawsuits against a bankruptcy trustee."

*Id.* at 1252 (emphasis added).

Thus, any claims by Cain Defendants against the Receiver would only be initiated after leave of court which is consistent with an Order terminating the receivership which provides that the Court retain jurisdiction, power and supervision of all matters concerning the Receiver and the Receivership.[4] In short, the Receiver requested that if Cain has a claim against him, that he should bring it now and let the Court consider the matter. At hearing, nothing was presented to the Court that would subject the Receiver to liability either under a Barton Motion or 28 U.S.C. §959. The Cain Defendants represented that they are not aware of any current claims against the Receiver. And, the Court sees nothing in the Receiver's actions that would form a predicate for a claim of liability. Therefore, the Receiver is entitled to his release.

Cain Defendants now submit that the Receivership Order violates 28 U.S.C. §959 which provides that Receivers "may be sued." Looking past the Cain Defendants' waiver with the appeal of the Order being dismissed, the Receivership Order is not at odds with 28 U.S.C. §959. The Receivership Order provides an ending to all maters upon the termination of the Receivership. If the Cain Defendants have claims to assert against the Receiver, the claims would be made now while the receivership is active and before termination. Finality is necessary for the termination of the

---

[4] For further clarification of 28 U.S.C. §959, the "carrying on business" exception to seeking leave is limited. The provision is intended to "permit actions redressing torts committed in the furtherance of the debtor's business, such as common situation of a negligence claim in a slip and fall case where a bankruptcy trustee, for example, conducted a retail store." (*Carter v. Rodgers* at 1254 citing *Lehal Realty Assocs.*, 101 F.3d at 276). The exception does not apply to claims for administering or liquidating an estate.

Receivership. And as stated earlier, nothing was presented to the Court at hearing that would subject the Receiver to liability. The Cain Defendants represented that they are not aware of any current claims against the Receiver.

The Cain Defendants also assert that the Receiver has provided no consideration to obtain the release. First, the Receiver accepted the appointment under the bargained for and negotiated terms and provisions of the Receivership Order. And after accepting the appointment, the Receiver performed his obligations and duties while relying upon those approved terms and provisions, including but not limited to the expressed discharge and release. Now Cain wishes belatedly to attack the Receivership Order relied upon since August 2023. Second, as current additional consideration, the Receiver has agreed to the fee statements that have been submitted to be his limited compensation.

Cain's position is without merit.

9.

Fifth Circuit Rulings

At the time of the presentation of the Receiver's Motion to Terminate Receivership, two (2) rulings had been handed down by the Fifth Circuit Court of Appeals related to the Cain Entities and the Receivership. These rulings are instructive for the Court and the parties.

The first ruling came on December 4, 2025, in *Johnson v. Stone County*[5] regarding the Johnson Estate intervention ("**Intervention Appeal Ruling**"). The second ruling came on February

---

[5] *James Aldridge, Relator, on behalf of United States of America, Robert Johnson v. Stone County Hospital Incorporated; H. Ted Cain; Thomas Kuluz; Corporate Management, Incorporated, a Mississippi Corporation and Derek A. Henderson,* Untied States Court of Appeals for the Fifth Circuit (Case No. 25-60169)

11, 2026, in the *Corporate Management, Incorporated, et. al. v. Henderson*[6] regarding termination of the receivership ("**Termination Appeal Ruling**").

Key statements issued by the Fifth Circuit Court include the following:

"For a number of reasons, which are outside of the scope of the present appeal, the district court instated the Receivership, which was "necessary to control and preserve [Defendants'] Assets and [Defendants'] Entities."  On August 16, 2023, the district court entered an order (the "Receivership Order") detailing the Receiver's authority and codifying the district court's supervision of all matters regarding the Receivership, including requiring any disposition of Defendants' assets outside the ordinary course to have express approval of the court.  Following Defendants' delay and interference with paying the judgment to the United States, the Receiver filed a Plan of Liquidation to satisfy the judgment on March 22, 2024, which the district court ultimately approved."

(Intervention Appeal Ruling, Page 3)

"Johnson's request to intervene related to separate proceedings in state court, which involved Woodland Village Nursing, LLC ('Woodland Village'), an entity subject to the Receivership.  On November 20, 2023, Johnson was awarded a judgment against Woodland Village in the amount of $200,000 for wrongful death of the estate's decedent (the 'Johnson Judgment').  By the time Johnson sought to intervene to satisfy the judgment— in May of the following year, 2024—the time for Woodland Village to appeal its adverse state court judgment had run and therefore rendered it a final judgment.  In light of the Receivership Order's enjoinment of payments, Johnson had been unsuccessful in executing the judgment in state court.  By intervening, Johnson sought 'to protect its rights and to enter negotiations with the Receiver in order to resolve the Judgment against Woodland Village.'"

(Intervention Appeal Ruling, Page 4)

"Here, intervention was for the purpose of filing a motion for summary judgment such that the district court, in its capacity overseeing the Receivership, could consider whether Defendants had to pay the Johnson Judgment.  As evidenced in the district court's hearings on the matter, there are additional questions for consideration when reviewing the merits of Johnson's request, including the scope of the Receivership and the manner of satisfying the judgment."

---

[6] *Corporate Management, Incorporated, a Mississippi Corporation (CMI); Stone County Hospital, Incorporated, H. Ted Cain, professionally and his individual capacity, Julie Cain, Thomas Kuluz v. Derek A. Henderson*, United States Court of Appeals for the Fifth Circuit (Case No. 25-60168).

(Intervention Appeal Ruling, Page 8)

> "Moreover, while Defendants interpret *final judgment* to exclusively mean the final judgment in the principal action, this misunderstands binding precedent.  As the Supreme Court acknowledged in *Stringfellow*, the relevant scope of final judgments with respect to an intervenor is in relation to the intervenor's claims.  *See Stringfellow*, 480 U.S. at 376 (recognizing an intervenor may appeal from 'all interlocutory and final orders that affect him whether the right under which he intervened was originally absolute or discretionary' (alteration adopted) (quoting 3B J. Moore & J. Kennedy, Moore's Federal Practice ¶ 24.15, at 24-169 to -170 (2d ed. 1985))); *see also Newby*, 443 F.3d at 420 (describing intervention as ordinarily 'one step along the path to reaching a *final judgment on the intervenor's claim*' (emphasis added))."

(Intervention Appeal Ruling, Page 9)

> "Multiple hearings and filings revealed that unresolved receivership-administration tasks, creditor-related matters, and an ongoing state-court lawsuit to which the receivership was a party remained at the time of the challenged orders. Most notably, the district court determined that an unresolved creditor issue—the Johnson Judgment—should be addressed within the receivership framework. *See also Aldridge*, 161 F.4th 259 (recognizing in the related intervention appeal that 'Defendants continued to press for the Receivership to be terminated, *despite numerous issues remaining unresolved*, now including Johnson's intervention' (emphasis added)). We agree that it was reasonable to leave the receivership open so that unresolved claims could be pursued within the receivership structure, particularly when the district court explained to Defendants that termination could be re-urged once those matters were resolved. This reflects an exercise of sound judgment and satisfies § 3103(c)'s 'if the court otherwise directs exception to termination'."

(Termination Appeal Ruling, Page 5-6)

> "Independent of § 3103(c), the district court also imposed the receivership under its 'inherent equitable powers.' As with § 3103, satisfaction of the judgment does not automatically necessitate termination of an equitable receivership when outstanding matters remain. *See SEC v. Spence & Green Chem. Co.*, 612 F.2d 896, 904 (5th Cir. 1980); *see also Consol. Rail Corp. v. Fore River Ry. Co.*, 861 F.2d 322, 327 (1st Cir. 1988); *WB Music Corp. v. Royce Int'l Broad Corp.*, 47 F.4th 944, 952 (9th Cir. 2022). Instead, 'the district court has broad powers and wide discretion to determine the appropriate relief in an equity receivership.' *SEC v. Safety Fin. Serv., Inc.*, 674 F.2d 368, 372–73 (5th Cir. 1982). Even Defendants acknowledge the existence of unresolved matters."

(Termination Appeal Ruling, Page 6)

"Defendants further argue that the Receiver's freezing of certain accounts and ongoing oversight of business operations are unjustified now that the federal judgment has been paid. But the record does not indicate that these controls were imposed arbitrarily or for punitive reasons."

(Termination Appeal Ruling, Page 6)

"On this record, the district court acted within its discretion when it concluded that terminating the receivership was premature. This conclusion accords with our case law recognizing that a receivership may continue beyond satisfaction of its original purpose when necessary *to complete administrative tasks and protect the interests of creditors and the estate*. *See id.; Safety Fin. Serv., Inc.*, 674 F.2d at 372–73; Stanford Int'l Bank, Ltd., 927 F.3d at 840."

(Termination Appeal Ruling, Page 7) (emphasis added)

10.

The Defendants state that the Receiver was appointed strictly under the provisions of 28 U.S.C. §3103; however, such a limitation fails to consider the terms of the  Court Orders. The Appointment Order provides -

"The Court hereby appoints a receiver *pursuant to its inherent and equitable authority, Federal Rule of Civil Procedure 66,* and 28 U.S.C. §3103. Both parties have recommended Derek Henderson as a receiver, and the Court hereby appoints Mr. Henderson as a receiver over Ted Cain's personal and joint family assets, and over all entities owned, controlled and/or managed by Ted Cain in whole or in part, directly or indirectly. Mr. Henderson shall have the immediate authority to take an accounting of assets of those entities, and Defendant Ted Cain and all individuals employed in any capacity by those entities are compelled to cooperate with Mr. Henderson. *The Court will issue further order regarding the powers of Mr. Henderson as receiver*."

(Emphasis added)

The Receivership Order provides in part -

"This Court has the authority under Rule 66, 28 U.S.C. §3103, *and its inherent equitable powers to appoint a receiver and grant other relief necessary and appropriate* to ensure the preservation and protection of and to stem the dissipation of Ted Cain's Assets and the Ted Cain Entities (collectively "Cain Assets")."

(Paragraph No. 2, Page 2) (emphasis added)

"The Court shall retain jurisdiction, power and supervision of all matters concerning Receiver and the receivership."

(Paragraph 40, Page 12)

"Receiver and any party may seek instructions and additional authority from the Court upon written notice to all parties."

(Paragraph 41, Page 12)

The terms and provisions of the Receivership Order were presented to this Court and the parties before being reviewed at hearing. After discussions, the Receivership Order was entered by the Court. The Order is final.

Further, the Fifth Circuit Court of Appeals has confirmed that -

"Independent of § 3103(c), the district court also imposed the receivership under its 'inherent equitable powers.' As with § 3103, satisfaction of the judgment does not automatically necessitate termination of an equitable receivership when outstanding matters remain. *See SEC v. Spence & Green Chem. Co.*, 612 F.2d 896, 904 (5th Cir. 1980); *see also Consol. Rail Corp. v. Fore River Ry. Co.*, 861 F.2d 322, 327 (1st Cir. 1988); *WB Music Corp. v. Royce Int'l Broad Corp.*, 47 F.4th 944, 952 (9th Cir. 2022). Instead, 'the district court has broad powers and wide discretion to determine the appropriate relief in an equity receivership.' *SEC v. Safety Fin. Serv., Inc.*, 674 F.2d 368, 372–73 (5th Cir. 1982). Even Defendants acknowledge the existence of unresolved matters."

(Termination Appeal Ruling, Page 6)

This Court, through its equitable powers, appointed the Receiver and set forth certain guidelines and provisions in enforcing the receivership. In *SEC, et al v. Stanford Int'l Bank Ltd, et al*, 927 F.3d 830 (5th Cir. 2019), the Fifth Circuit Court of Appeals has established that "A district court has broad authority to place assets into receivership 'to preserve and protect the property pending its final disposition', *Gordon v. Washington*, 295 U.S. 30, 37, 55 S. Ct. 584, 79 L.Ed. 1282 (1935)," *Stanford* at 840. The Fifth Circuit Court of Appeals has further explained that "In general, the Receiver has wide powers to acquire, organize, and distribute the property of the receivership.

A properly appointed receiver is 'vested with complete jurisdiction and control of all [receivership] property with the right to take possession thereof.' 28 U.S.C. §754". *Id.* at 840. And, "Once assets have been placed in receivership, '[i]t is a recognized principle of law that the district court has broad powers and wide discretion to determine the appropriate relief in an equity receivership.' *Safety Fin.*, 674 F.2d at 372-73 (citing *SEC v. Lincoln Thrift Assoc.*, 577 F.2d 600, 606 (9ᵗʰ Cir. 1978)). This discretion derives not only from the statutory grant of power, but also the court's equitable power to fashion appropriate remedies as 'ancillary relief' measures. See *SEC v. Wencke*, 622 F.2d 1363, 1369 (9ᵗʰ Cir. 1983)." *Id.* at 840. Thus, the Receivership Order was entered as much in equity as by statute.

11.

Ruling and Order

The Receiver's Motion to Terminate Receivership (Docket No. 843) was presented to the Court on March 24, 2026. After considering the Motion, supporting Memorandum and argument from the Receiver and Cain Defendants, the Court finds that the Receiver's Motion to Terminate Receivership is well taken and should be granted subject to the terms and provisions of this Order and Ruling. The law, the facts, and the equities favor the Receiver's Motion. The Court is persuaded by the Receiver's stated positions both in pleadings and argument before the Court.

The Receiver's Motion to Terminate Receivership is granted pursuant to the following direction, instructions, terms and conditions of this Order ("**Termination Order**"):

A)    Except as provided herein below, upon the Termination Order being a final and non-appealable order, the Receiver's authority to manage, maintain and control the Cain Assets is terminated;

B)    Except as provided herein below, the Receiver is relieved of any further obligations

with respect to the Cain Assets, including the obligation to file any additional reports or a Final Report. A separate Order has been entered by the Court for the waiver of reports (Docket No. 894);

C)      Upon the Termination Order being a final and non-appealable Order, the bond filed by the Receiver in the amount of One Hundred Fifty Thousand and 00/100 dollars ($150,000.00) is released and discharged;

D)      As to the $200,000.00 held in the Woodland Village bank account and currently frozen by the Receiver, upon entry of the Termination Order, the funds are to be deposited into the Trust Account of Derek A. Henderson, Attorney at Law and held there until the final resolution, including all appeals, of the Motion to Intervene (Docket No. 797) and Plaintiff/Intervenor's Supplement in Support of Motion to Intervene and for Summary Judgment (Docket No. 813) and the Court ordering release or payment of the funds. The escrow of these funds is without prejudice to the Cain Defendants, the Robert Johnson Estate, or Receiver of any rights, claims or defenses. To be clear, the Receivership shall remain intact and the Receiver shall remain in place for the purpose of dealing with the final resolution of the Robert Johnson Estate matter;

E)      Upon the Termination Order becoming a final and non-appealable Order, the possession of the Cain Assets shall be relinquished by the Receiver to the owner(s) of the Cain Assets with the exception of cash in the possession of Receiver to pay fees, expenses and compensation. The Receivership Order provides that at termination "(iv) possession of the Cain Assets shall be relinquished to the then owner(s) of the Cain Assets, with the limited exception that cash in the possession of Receivers, if any, shall be used to pay Receiver's outstanding fees and expenses, including Receiver's fees and expenses for preparing and filing a final report and all other Receivership Expenses, ..." (Paragraph 37, Page 11). The Receiver has a pending Application for Approval of Fees (Docket No. 881). The fees have not been paid and will only be paid if approved

by the Court. The Receiver will continue to incur fees and expenses until all matters are resolved and the Receiver is authorized to hold funds for payment. The Receivership Order provides that "Receiver shall be entitled to receive compensation in the amount of $400 per hour plus expenses and as set forth under 28 U.S.C. §3103(g)..." (Paragraph 7, Page 3). 28 U.S.C. §3103(g)(1) provides that - "A receiver is entitled to such commissions, not exceeding 5 percent of the sums received and disbursed by him, as the court allows unless the curt otherwise directs." Thus, subject to this Court's direction and approval, the Receiver may also be entitled to up to 5% of disbursements by statute. As consideration for having this Receivership completed and terminated with a release and discharge, the Receiver's current proposal is to waive the request for additional commissions;

F)  The Receiver's compensation that has been paid to date is approved. No further fee applications will be required to be filed with the Court;

G)  Upon the Termination Order becoming a final and non-appealable order, the Receiver shall submit his final billing statements to the Defendants. Upon receipt of the statements, the Defendants shall pay the statements within five (5) business days if no objection. Objections will be resolved by the Court;

H)  As additional consideration for the Receiver fulfilling his duties and being released from obligations and claims, the Receiver's compensation is limited to the compensation set for in paragraphs E, F, and G above. Upon the Termination Order becoming a final and non-appealable order, the Receiver will not make demand for fees based upon commission as set forth in 28 U.S.C. §3103(g)(1);

I)  The Receiver is released and discharged from any and all claims which anyone may have against him. Upon the Termination Order becoming a final and non-appealable order, Receiver shall be fully and forever released and discharged from any and all liability as Receiver of Ted Cain

and the Cain Entities and the Cain Assets, which said release and discharge shall include, without limitation, any and all claims, cross-claims, counterclaims, causes, damages and actions of every kind and character, and all suits, costs, damages, expenses, compensation and liabilities of every kind, character and description, whether direct or indirect, known or unknown, disclosed or hidden, in law or in equity, which anyone has or will have against the Receiver, in his capacity as Receiver, and or any of Receiver's agents, representatives, officers, attorneys, professionals, employees or contractors, on account of, arising, or resulting from, or in any manner incidental to, the receivership, the Cain Assets, Receiver's possession or use of Ted Cain and the Cain Entities and the Cain Assets, the administration of the receivership estate, or any acts or omissions of Receiver in his capacity as Receiver. This being the same release as provided by the Receivership Order which is a final non-appealable order. (Paragraph 39, Page 11-12). This discretion derives not only from the statutory grant of power, but also the court's equitable power to fashion appropriate remedies as "ancillary relief" measures. *See SEC v. Wencke*, 622 F.2d 1363, 1369 (9th Cir. 1980). One clear principle emerges from cases dealing with a district court's supervision and administration of an equity receivership: "[T]he district court has broad powers and wide discretion to determine the appropriate relief in an equity receivership." *Safety Fin.*, 674 F.2d at 372-73) (emphasis added); and

J)      The Court shall retain jurisdiction, power and supervision of all matters concerning the Receiver and the receivership.

THEREFORE, IT IS ORDERED AND ADJUDGED that the Receiver's Motion to Terminate Receivership (Docket No. 843) is hereby granted subject to the terms and provisions outlined and stated in this Order. This Order shall constitute a final judgment.

SO ORDERED, this the 15th day of June, 2026.

/s/HENRY T. WINGATE
U.S. District Judge